EXCHANGE BANK AND TRUST COM-
PANY, Petitioner,

v.

KIDWELL CONSTRUCTION COMPANY,
Inc., Respondent.

No. B–2651.

Supreme Court of Texas.

July 7, 1971.

Rehearing Denied Nov. 17, 1971.

Akin, Vial, Hamilton, Koch & Tubb, James A. Knox and Charles J. McGuire, Dallas, for petitioner.

Rain, Harrell, Emery, Young & Doke, Stan McMurry, Dallas, for respondent.

PER CURIAM.

The application for writ of error in this case is refused with the notation "no re-

versible error". The court of civil appeals at 463 S.W.2d 465, construed two sections of the Uniform Commercial Code; Sec. 4.-406, Tex.Bus. & Com.Code, and Sec. 3.406, Tex.Bus. & Com.Code. As to the former, the court of civil appeals held that the trial court's finding that the bank failed to exercise ordinary care in paying certain forged checks was supported by some evidence. The court therefore held that the depositor was not precluded from asserting a claim based upon the forgeries under Sec. 4.406(b). Our disposition of the application for writ of error in this case is not to be interpreted as approval or disapproval of the additional holding of the court of civil appeals that the "depositor is chargeable with a knowledge of such facts as an honest agent would acquire from an impartial examination" of the depositor's monthly bank statement. That holding does not affect the judgment of the court of civil appeals.

Neither do we approve or disapprove the holding of the court of civil appeals under Section 3.406. The court of civil appeals held that "There is nothing in the record to suggest that * * * any officer of the company was guilty of negligence substantially contributing to [the forger's] unfaithful conduct" so as to invoke this statute. 463 S.W.2d at 469. This holding may be logically incompatible with the court's holding, under Section 4.406, that the company was charged with the knowledge of a hypothetical honest agent. We do not reach this issue, however, because the bank has not asserted appropriate points of error against the trial court's finding that the bank's payment of the forged checks was not in accordance with reasonable commercial standards. Under our construction of Section 3.406, a negligent depositor is not precluded from asserting a claim if he establishes that the bank's payment of the forged checks was not in accordance with such standards.