**Ruby Lee TUMLINSON, Appellant,**

v.

**FIRST VICTORIA NATIONAL BANK, Appellee.**

**No. 13–92–285–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1993.

Eric Turton, San Antonio, for appellant.

Michael Meier, Kelly, Marr, Meier & Hartman, Victoria, for appellee.

Before SEERDEN, C.J., and NYE[1] and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

By a single point of error, appellants Ruby Lee Tumlinson and her son, Maxie, claim that the trial court erred in granting summary judgment to First Victoria National Bank. We affirm in part and reverse and remand in part.

Appellants filed suit against First Victoria National Bank for wrongfully paying forty-five forged checks totaling over $32,000. Between September 1989 and September 1990, some forty-five checks were presented to the Bank, drawn on appellants' joint account. The Bank paid the checks and charged appellants' account. Most of the checks were between $500 and $1,000. Appellants claim that the Bank did not verify the signatures on the checks because of its policy to verify signatures only on checks over $2,500. Appellants' original petition stated that "on or about" September 28, 1991, Maxie Tumlinson personally appeared at the Bank and alerted its agents to the suspected forgeries. The Bank made no further payment on forged checks. In its motion for summary judgment, the Bank asserted the timely notice requirements under its deposit agreement with appellants as a bar to appellants' action. The trial court granted summary judgment thereon.

Appellants argue that the trial court erred in granting summary judgment because a fact issue exists about whether the Bank used ordinary care in paying the forged checks and that the Bank's failure to do so precludes it from asserting its defense of untimely notice. *See McDowell v. Dallas Teachers Credit Union,* 772 S.W.2d 183, 188 (Tex.App.—Dallas 1989, no writ). A party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex. 1990); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The deposit agreement between appellants and the Bank reads, in pertinent part, as follows:

> If you do not notify us of an unauthorized signature within a reasonable time (not to exceed 14 days) after we send or make available to you your statement and items' (1) you cannot assert the unauthorized signature against us even if we are unable to show a loss due to your failure and (2) you cannot assert any unauthorized signatures by the same wrongdoer on items paid by us after the reasonable time mentioned above elapses but before we receive your notice. *We lose these protections if we fail to exercise ordinary care in paying an item with an unauthorized signature unless you do not notify us of the problem within 60 days of when we send or make available to you the statement and items.* You must also report any other account problem within this 60 day period or lose your right to assert the problem against us. (our emphasis added).

By statute, Texas law ordinarily allows a depositor one year to report an unauthorized signature before his claim is cut off. *See* TEX. BUS. & COM. CODE ANN. § 4.406(d) (Vernon 1968). However, Texas law allows parties to a depository agreement to alter their responsibilities by agreement, so long as the agreement does not "disclaim the bank's responsibility for its own lack of good faith or failure to exercise ordinary care...." TEX. BUS. & COM. CODE ANN. § 4.103(a) (Vernon 1968). Appellants have not challenged the deposit agreement in any way. They do not dispute its terms, nor have they made any claim that the agreement disclaims the Bank's own failure to exercise ordinary care, that it is unconscionable, unreasonable, or against public policy.

In order to successfully assert their defense, the Bank had to show that appellants did not notify it of the unauthorized signatures within 60 days of the time the Bank "sen[t] or ma[d]e available to [appellants] the statement and the items."

The affidavit of the Bank's Senior Vice President, Charles A. Lassman, states that Mr. Tumlinson first notified the Bank of the forgeries in person "around" October 1, 1990. Lassman was certain that their meeting occurred after September 26, 1990, "because of the balance which was in the account at the time of the visit...." Appellants introduced no competent summary judgment evidence

controverting this date. Lassman also stated that the account statements "were mailed by employees of First Victoria National Bank in the ordinary course of business to the addressees and the address shown on the signature card on the 'Statement Date' shown on each of such statements." Copies of the statements were attached as proof to the motion for summary judgment. In addition, Lassman stated:

> The monthly statement shown on Exhibit B–1 would have been mailed in the ordinary course of business on October 13, 1989 to Ruby Lee Tumlinson or Maxie L. Tumlinson, Sr. at Route 2, Box 161–1, Stockdale, Texas 78160. All items shown on that statement were available for [appellants'] inspection on that date. Subsequent monthly statements shown on Exhibits B–2 through B–13 would have been mailed in the same fashion in the ordinary course of business on the statement dates shown on each.

Appellants did not controvert this evidence.

The first wrongful payment appellants claim is check number 153, paid on September 19, 1989, for $500. The account statement evidencing this check is marked Exhibit B–1 in the Bank's summary judgment evidence. Lassman's affidavit establishes that the date of notification was no earlier than September 26, 1990. Under the deposit agreement, any items prior to sixty days before September 26, 1990, are barred. *See Exchange Bank & Trust Co. v. Kidwell Constr. Co.*, 463 S.W.2d 465, 467 & 471 (Tex. Civ.App.—Tyler 1971), *aff'd*, 472 S.W.2d 117 (Tex.1971). The trial court's grant of summary judgment barring these items was proper, and the Bank's negligence, if any, was irrelevant. *See La Sara Grain v. First Nat'l Bank*, 673 S.W.2d 558, 562 (Tex.1984).

Regarding those items falling within sixty days prior to appellants' notice, the Bank's negligence is relevant. *See Oak Cliff Bank & Trust Co. v. Aetna Casualty & Sur. Co.*, 436 S.W.2d 165, 168 (Tex.Civ.App.—Dallas 1968, no writ). If the Bank has not exercised ordinary care in paying a forged item, it is precluded from asserting the depositor's negligence in failing to examine the

statement and notify the bank. *McDowell*, 772 S.W.2d at 183. The Bank failed to establish that it exercised ordinary care in paying the items. The Bank's negligence, if any, presents a fact question with regard to the unauthorized signatures occurring within sixty days prior to the time appellants notified the Bank. Accordingly, we affirm summary judgment with respect to the items appearing on statements made available before July 28, 1990. We reverse and remand the trial court's judgment pertaining to those items made available within sixty days of notice.