**COMMUNITY BANK & TRUST, S.S.B., Appellant,**

v.

**Ardell FLECK, as Independent Administratrix for the Estate of Mabel Wright, Deceased, Appellee.**

No. 09–99–517 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 1, 2000.

Decided Aug. 3, 2000.

Maggie de la Rosa, John A. Cowan, Provost Umphrey Law Firm, Beaumont, for appellant.

Ted L. Walker, Jasper, for appellee.

Before BURGESS, STOVER and HILL,[1] JJ.

**OPINION**

JOHN HILL, Justice (Assigned).

Community Bank & Trust, S.S.B. appeals from a judgment in favor of Ardell Fleck, as independent administratrix of the estate of Mabel Wright, deceased. In

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN.

§ 74.003(b) (Vernon 1998).

two issues, Community Bank argues that the trial court erred in granting summary judgment on Fleck's breach of contract and conversion claims.

We affirm because the trial court did not err in granting the summary judgment.

In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. See American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997).

Ardell Fleck, as the independent administratrix of the estate of Mabel Wright, deceased, sued Community Bank for improperly honoring five forged checks written on Mabel Wright's account prior to her death. The undisputed summary judgment evidence establishes that the estate's claim against the bank was brought within one year, as required by Section 4.406(f) of the Texas Business and Commerce Code. In contesting the summary judgment, Community Bank solely relies upon the deposit agreement between it and the deceased, which provides that if the customer does not notify the bank of an unauthorized signature within a reasonable time, not to exceed fourteen days, the customer cannot assert the unauthorized signature against the credit union. The agreement also states that the bank loses the protections of the fourteen-day rule if it fails to exercise ordinary care in paying such an item, unless the customer does not notify it of the problem within sixty days of when the bank sends or makes available to the customer "the statement and items." No notice was presented to the bank until almost a year after the checks were honored.

Provisions of Chapter 4 of the Texas Business and Commerce Code may be amended by agreement of the parties, so long as they do not disclaim a bank's responsibility for its lack of good faith or limit the measure of damages for the lack or failure. See TEX. BUS. & COM.CODE § 4.103(a). However, Section 16.071 of the Texas Civil Practice and Remedies Code provides that a contract stipulation that requires a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract is void if the stipulation requires notification within less than 90 days. Inasmuch as the fourteen-day notice provision in Community Bank's deposit agreement is less than 90 days, the provision is void. See "Deposit Agreements between Banks and Their Customers—a Wall of Protection or a Wall with a False Foundation," Cersonsky, M.H., 31 Texas Tech Law Review 13. As noted in the article, there are other possible bases as to why the fourteen-day notice provision might be invalid, but we do not consider them because they have not been raised by the parties.

Community Bank, in urging that the fourteen-day period is not void, primarily relies upon the case of American Airlines Employees Federal Credit Union v. Martin, 991 S.W.2d 887, 892–93 (Tex.App.–Fort Worth 1999, pet. granted). We find that case to be distinguishable. In American Airlines, Tim Martin, a holder of a savings account with the American Airlines Employees Federal Credit Union, obtained judgment against the credit union after his girlfriend withdrew a substantial part of his deposited funds, following the credit union's acceptance of her oral application to be added as a party to his account. See Id. at 890. The Court in American Airlines upheld the judgment, despite the fact that Martin's claim was not filed within a sixty-day notice provision contained in the deposit agreement between Martin and the credit union, because it held that the provi-

sion, which applied only in the case of an unauthorized signature, was inapplicable since the girlfriend's oral application to be placed on the account did not qualify as an unauthorized signature. *Id.* at 894. The court also found that Martin had not agreed to the shortened notice provision. *Id.* at 899. While it is true that the court, in dicta, stated that the parties may by agreement amend the one-year period allowed for the bringing of suit claims, *Id.* at 892, the court did not discuss whether such amendments would be void if made in contravention of Texas public policy as set forth in Section 16.071 of the Texas Civil Practice and Remedies Code. As we have previously noted, if they do so they are void. If to any extend our holding does conflict with that of *American Airlines,* we decline to follow it.

There are at least two cases in Texas in which the courts have honored a shortened notice period such as the one in this case. These are Basse Truck Line, Inc. v. First State Bank, Bandera, Texas, et al., 949 S.W.2d 17, 22 (Tex.App.—San Antonio 1997, writ denied) and Tumlinson v. First Victoria National Bank, 865 S.W.2d 176, 177 (Tex.App.—Corpus Christi 1993, no writ). We find both cases to be distinguishable. While the court in *Basse* held that the shortened agreement was in accord with public policy, it does not appear that it considered the restrictions imposed upon such an agreement by section 16.071 of the Texas Civil Practice and Remedies Code. See Basse, 949 S.W.2d at 22. In Tumlinson, the court noted that the appellants had not challenged the deposit agreement in any way. Tumlinson, 865 S.W.2d at 177. We overrule the contentions presented by Community Bank in issues one and two.

The judgment is AFFIRMED.