GENERAL LIFE AND ACCIDENT INSURANCE COMPANY and National Benefit Life Insurance Company, Appellants,

v.

Dorothy L. HIGGINBOTHAM and John G. Higginbotham, Appellees.

No. 2–87–092–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 16, 1991.

Camp, Jones, O'Neill, Hall & Bates, and J. Kevin Clark and Kern A. Lewis, Fort Worth, for appellants.

Law Offices of Mick McBee, and L.L. "Mick" McBee, Jr., Dallas, for appellees.

Before JOE SPURLOCK, II, and HILL, JJ.

## OPINION ON REMAND

HILL, Justice.

General Life and Accident Insurance Company and National Benefit Life Insurance Company appeal from a default judgment granted against them in favor of Dorothy L. and John G. Higginbotham, the appellees. In three points of error the appellants contend that the trial court abused its discretion in denying their motions for new trial because they satisfied all elements of the test set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388,

133 S.W.2d 124 (1939); because the trial court erred in granting the appellees default judgment since it lacked jurisdiction due to defective service of citation; and because the trial court erred in awarding attorney's fees in the amount of $34,664.47 since there is no evidence that such fees are reasonable or rationally related to the services performed.

Upon original submission, this court reversed the judgment, sustaining the appellants' point of error that the service of citation was defective. The Texas Supreme Court reversed, 796 S.W.2d 695, holding that the record reflected the proper service of citation and that any defect in the return of citation had been cured by an order of the trial court. The Supreme Court has remanded the case for us to consider the appellants' other points of error.

We reverse and remand because we hold that the appellants satisfied all three elements of the test set forth in *Craddock, supra.* Additionally, we sustain two crosspoints of error presented by the appellees.

█ The appellants contend in point of error number one that the trial court erred by overruling their motion for new trial because they have met all the requirements set forth in the case of *Craddock,* 133 S.W.2d at 124. In *Craddock,* the Texas Supreme Court held that a default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided that the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work injury to the plaintiff. *Id.* at 126.

We will first examine the appellants' claim that they satisfied *Craddock's* requirement that their failure to answer was not intentional or the result of conscious indifference on its part, but was due to a mistake or accident.

Evidence at the hearing on the appellants' motion for new trial showed that a petition and citation for one of the companies was discovered after notice of default judgment was received in Dorothy Higginbotham's claim file. There is no evidence as to who placed it there, when it was placed there, nor as to whether any employee who had subsequently worked on the file had seen it. There is no evidence as to what was done with the petition and citation for the other company. The evidence did reflect that neither petition or citation ever reached any of the officials of the company to whom such documents were supposed to be delivered.

█ In *Craddock* itself, the citation was not answered because it was mistakenly filed with unimportant matters rather than with important matters, *id.* at 125, and the evidence did not explain how this happened. The court held that this showed that the failure to answer was on account of a mistake and was not intentional. *Id.* at 126. We hold that although there was no explanation as to how it happened, the evidence in this case shows that the citations were not taken to the proper officials to whom they should have been directed. We therefore hold that the appellants met their burden of showing that their failure to answer was the result of negligence or mistake, and not conscious indifference to or intentional disregard of the duty to respond to the service of process.

█ We next consider whether the appellants established a meritorious defense. The trial court found that General Life and Accident established the meritorious defense that it did not issue Dorothy a policy. That conclusion is not questioned on this appeal. The appellants are only required to "set up" a meritorious defense, not to conclusively prove such a defense. *Aero Mayflower Transit Co. v. Spoljaric,* 669 S.W.2d 158, 160 (Tex.App.—Fort Worth 1984, writ dism'd). The motion must allege facts that in law would constitute a defense to the cause of action asserted by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966).

█ In its motion for new trial, National Benefit alleged that it was relying on the

meritorious defense of misrepresentation on behalf of the appellees with regard to Dorothy Higginbotham's health condition. National Benefit alleged that there were various health problems that Dorothy Higginbotham had not indicated on her application. Attached to National Benefit's motion was an affidavit to the effect that Dorothy suffered from an illness that she had not disclosed on her application for insurance. Gary Williams, an executive vice-president with both General and National Benefit, testified to those facts at the hearing on National Benefit's motion for new trial. We hold that National Benefit set up a meritorious defense.

■ Finally, we consider whether the appellants established that the appellees would not be harmed, and that there would be no undue delay caused by the granting of the new trial. The appellees have not questioned the trial court's finding that the appellants satisfied this part of the test. Instead, in their supplemental brief the appellees contend that the appellants cannot now meet the third part of the *Craddock* test because National Benefit was deemed insolvent and placed in receivership since the trial court overruled the appellants' motion for new trial. We hold that the appellants are to be judged as to the third part of the *Craddock* test as of the time of the trial court's ruling, and not in light of subsequent events. We sustain the appellants' point of error number one.

■ The appellants urge in point of error number three that the trial court erred in awarding attorney's fees in the amount of $34,664.47 because there is no evidence that the fees are reasonable or rationally related to the services performed. There was evidence that the attorney had a one-third contingency contract with the appellees and that a one-third contingency fee was standard for such representation. The appellants contend that the evidence is insufficient because there was no evidence as to what services the attorney actually performed for the appellees, nor as to what would be a reasonable fee for the services performed.

■ TEX.CIV.PRAC. & REM.CODE ANN. sec. 38.004 (Vernon 1986) provides that the court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in a proceeding before the court. We hold that the evidence presented was sufficient to support the trial court's conclusion that the attorney's fee was reasonable and necessary but, even if it were not, we presume that the trial court took judicial notice of the file and usual and customary attorney's fees in arriving at its conclusion. We overrule point of error number three.

■ In cross-point of error number one, the appellees contend that the trial court erred by not including damages for mental anguish in the damages that the court trebled in accordance with article 21.21 section 16(b)(1) of the Texas Insurance Code. We agree with the appellees that the trial court did so err and sustain cross-point of error number one.

The appellees contend in cross-point of error number two that the trial court erred by awarding prejudgment interest of 6% per annum pursuant to TEX.REV.CIV. STAT.ANN. art. 5069–1.03 (Vernon 1987). They argue that prejudgment interest should have been awarded at 10% per annum in accordance with TEX.REV.CIV. STAT.ANN. art. 5069–1.05 (Vernon 1987) because the insurance contract does not provide a measure by which the sum payable can be ascertained with reasonable certainty.

The insurance contract provided that after a deductible amount of $2500.00, the insurance company was to pay 100% of the usual, customary, and regular charges for certain enumerated items of hospital and medical expense. The trial court trebled the damages for those charges and awarded prejudgment interest of 6% per annum on that amount, awarding no prejudgment interest on amounts awarded for mental anguish.

■ We hold that the trial court did not err in awarding 6% per annum prejudgment interest on the amounts due under the policy and the statutory trebling of

those damages because the insurance contract in question provides the conditions upon which liability depends, and fixes a measure by which the sum payable can be ascertained with reasonable certainty. TEX.REV.CIV.STAT.ANN. art. 5069–1.03; *see Perry Roofing Co. v. Olcott,* 744 S.W.2d 929 (Tex.1988). The trial court did err, however, by not awarding prejudgment interest at the rate of 10% per annum on the damages for mental anguish because the contract does not fix a measure by which that sum can be ascertained with reasonable certainty. *See id.* Consequently, we sustain in part the appellees crosspoint of error number two.

We reverse the judgment and remand this cause for trial.