LAREDO INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

Vidal M. TREVINO, Appellee.

No. 04–99–00656–CV.

Court of Appeals of Texas, San Antonio.

May 17, 2000.

Rehearing Overruled Aug. 11, 2000.

David M. Feldman, Richard A. Morris, Paul A. Lamp, Feldman & Rogers, L.L.P., Houston, Sheila P. Haddock, The Holman Law Firm, P.C., Houston, for Appellant.

Carlos M. Zaffirini, Zaffirini and Castillo, Laredo, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

Laredo Independent School District appeals the summary judgment against it in the suit filed by its former superintendent, Vidal Trevino. We affirm the trial court's judgment because LISD failed to assign error to one of Trevino's grounds for summary judgment, and there is some evidence supporting the trial court's attorney's fee award.

### FACTUAL AND PROCEDURAL BACKGROUND

Trevino began serving as superintendent of LISD in 1973. Twenty-one years later, Trevino indicated to members of the LISD Board of Trustees that he was thinking about retirement. According to Trevino, the Board told him on June 16, 1994, they planned to increase his salary for the upcoming year, thus maximizing his retirement benefits, and to purchase an annuity, which he would receive upon his retirement. On June 22, the LISD Board's President, Rogelio Garza Rios, Jr., sent a letter to LISD's financial consultant asking him to develop "a retirement plan" that would optimize Trevino's benefits. Rios emphasized time was of the essence because Trevino's contract needed to be finalized by July 1. The consultant quickly responded, recommending the Board increase Trevino's salary by twenty percent and purchase a $50,000 annuity for Trevino.

After receiving the consultant's recommendation, Rios sent the board members a letter explaining that "it would behoove all parties concerned to implement and incorporate [the recommended] retirement plan into Mr. Trevino's 1994–1995 renewal contract ...." Rios closed the letter by stating:

Time is of the essence in this matter being that Mr. Trevino's 1994–1995 renewal contract has to be finalized by July 1, 1994. I have been informed that Ms. Teresa Hunter, our school attorney, will be vacationing for 5 weeks, and upon her arrival, I will request a legal opinion advising the Board if some type of formal Board action would be required regarding this matter.

Although Rios indicated he planned to instruct LISD's assistant superintendent to incorporate the retirement plan into Trevino's renewal contract, he also asked the board members to sign the letter if they supported the retirement plan. All of the board members signed the letter.

Rios and Trevino subsequently signed a one-year employment contract, renewable for five years, with a total salary representing slightly less than the recommended twenty percent increase. An unsigned addendum attached to the contract indicates Trevino's 1994–95 contract incorporated the retirement package recommended by LISD's financial consultant. Although Trevino received the indicated salary increase, he did not receive the annuity.

Believing himself entitled to the annuity, Trevino sued LISD for fraud, breach of contract, and (in an amended petition) in quasi-contract. After LISD answered, both it and Trevino moved for summary judgment. Without stating a ground, the trial court denied LISD's motion and granted Trevino's.

### QUASI-CONTRACT

LISD contends in its opening brief that, "[a]lthough Trevino's First Amended Petition contains the phrase 'quasi-contract,' he did not move for summary judgment based upon this equitable theory." LISD thus argues "the Court may not affirm the trial court's grant of summary judgment on this ground." We disagree.

■ Grounds for summary judgment must be specifically presented in the sum-

mary judgment motion. TEX.R.CIV.P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339–41 (Tex. 1993). But a ground for summary judgment need not be named in the motion, *see, e.g., Pettite v. SCI Corp.*, 893 S.W.2d 746, 748 (Tex.App.—Houston [1st Dist.] 1995, no writ), or included in a heading. *See Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 708 (Tex.App.—Amarillo 1998, no pet.). Rather, a ground for summary judgment is specifically presented if the motion gives "fair notice of the claim involved to the [respondent]." *Thomas v. Cisneros*, 596 S.W.2d 313, 316 (Tex.Civ. App.—Austin 1980, writ ref'd n.r.e.).

■ Trevino's original petition did not assert a quasi-contract claim. However, Trevino's motion for summary judgment contends (under the heading "Breach of Contract") that he performed as superintendent and "common honesty and fair dealing require that LISD pay the annuity." This contention is supported by citation to *Crosby v. P.L. Marquess & Co.*, 226 S.W.2d 461 (Tex.Civ.App.—Beaumont 1950, writ ref'd n.r.e.), in which the court held that even when a contract for services is illegal, a school district can be held liable under an implied contract when it has received benefits of the services and common honesty and fair dealing require the district to pay just compensation for those services. *Id.* at 464. And Trevino's amended petition, filed after his summary judgment motion but more than seven days before the summary judgment hearing, expressly asserts a quasi-contract claim. *See Martinez v.. Hardy*, 864 S.W.2d 767, 771 (Tex.App.—Houston [14th Dist.] 1993, no writ).

Under these circumstances, we hold Trevino's summary judgment motion gave LISD fair notice that he was moving for summary judgment on his quasi-contract claim. *See Pettite*, 893 S.W.2d at 748; *City of Corpus Christi v. S.S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247, 250 (Tex.App.—Corpus Christi 1987, writ denied); *Baldwin v. Smith*, 586 S.W.2d 624, 632 (Tex.Civ.App.—Tyler 1979), *rev'd on other grounds*, 611 S.W.2d 611 (Tex.1980); *Ferrous Prods. Co. v. Gulf States Trading Co.*, 323 S.W.2d 292, 296–97 (Tex.Civ. App.—Houston 1959), *aff'd*, 160 Tex. 399, 332 S.W.2d 310 (1960); *Crosby*, 226 S.W.2d at 464; *see generally* Judy Beckner Sloan, *Quantum Meruit: Residual Equity in Law*, 42 DEPAUL L.REV. 399, 408 (1992) (citing FREDERIC C. WOODWARD, THE LAW OF QUASI CONTRACTS 9 (1913)); *cf. Ramirez Co. v. Housing Auth. of City of Houston*, 777 S.W.2d 167, 173 n. 12 (Tex.App.— Houston [14th Dist.] 1989, no writ) (quasi-contracts not contracts at all, but obligations implied in law for reasons of justice). Accordingly, since LISD has neither assigned error to this ground nor brought forward a broad *Malooly* point or issue, we must affirm the trial court's judgment. *See Malooly Bros., Inc. v.. Napier*, 461 S.W.2d 119, 121 (Tex.1970) ("judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment"); *Fetty v. Miller*, 905 S.W.2d 296, 299 (Tex.App.— San Antonio 1995, writ denied); *Reese v. Beaumont Bank, N.A.*, 790 S.W.2d 801, 803–05 (Tex.App.—Beaumont 1990, no writ); *King v. Texas Employers' Ins. Assoc.*, 716 S.W.2d 181, 182–83 (Tex.App.— Fort Worth 1986, no writ).

## ATTORNEY'S FEES

LISD also argues the trial court erred in awarding $27,951.00 in attorney's fees because Trevino failed to shoulder the burden imposed on him by *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex.1997), to prove the requested fees were reasonable. We disagree.

■ *Arthur Andersen* was a DTPA case in which the defendant challenged the jury's attorney's fees finding. *Id.* at 814. In this context, the Texas Supreme Court held "that to recover attorney's fees under the DTPA, the plaintiff must prove that the amount of fees was both reasonably

incurred and necessary to the prosecution of the case at bar, and must ask the jury to award the fees in a specific dollar amount, not as a percentage of the judgment." *Id.* at 819. But the case at bar involves neither the DTPA nor a jury finding. Rather, it involves a quasi-contract claim that was, in effect, tried to the court in a summary judgment proceeding. Under these circumstances, the attorney's fee award is governed by chapter 38 of the Texas Civil Practices and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.004(1) (Vernon 1997); *see also Purvis Oil Corp. v. Hillin,* 890 S.W.2d 931, 939 (Tex.App.—El Paso 1994, no writ); *Cloughly v. NBC Bank—Seguin, N .A.,* 773 S.W.2d 652, 657 (Tex.App.—San Antonio 1989, writ denied).

Under chapter 38, a trial court may take judicial notice of the usual and customary attorney's fees, as well as the contents of the case file, and, in the absence of evidence supporting its award, is presumed to have done so. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 38.004 (Vernon 1997); *Thomas v. Thomas,* 917 S.W.2d 425, 437 (Tex. App.—Waco 1996, no writ); *Ross v. 3D Tower Ltd.,* 824 S.W.2d 270, 273 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *General Life and Acc. Ins. Co. v. Higginbotham,* 817 S.W.2d 830, 833 (Tex. App.—Fort Worth 1991, writ denied); *In re Estate of Kidd,* 812 S.W.2d 356, 359 (Tex.App.—Amarillo 1991, writ denied). "[U]sual and customary attorney's fees" are presumed reasonable. TEX.CIV.PRAC. & REM.CODE ANN. § 38.003.

■ Trevino claimed he was entitled to chapter 38 attorney's fees in the amount of forty percent of the damages awarded, and his attorney testified a forty-percent contingency fee is the customary and reasonable fee for such cases. LISD introduced no evidence to the contrary. Additionally, as discussed above, the trial court was entitled to take judicial notice of the usual and customary fees, and the usual and customary fees are presumed reasonable. For these reasons, we hold there is some

evidence supporting the trial court's attorney's fees award. *See Thomas,* 917 S.W.2d at 437; *Higginbotham,* 817 S.W.2d at 833.

### CONCLUSION

Because LISD failed to assign error to one ground of recovery asserted in Trevino's summary judgment motion and the trial court is presumed to have taken judicial notice of the appropriate attorney's fees, we affirm the trial court's judgment.