Jason Squyers and Misty Squyers v. Mariano Segura and Lori Segura

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-157-CV

JASON SQUYRES AND APPELLANTS

MISTY SQUYRES 

V.

MARIANO SEGURA APPELLEES

AND LORI SEGURA 

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from the trial court’s default judgment awarding damages arising from a landlord-tenant dispute to Appellees Mariano and Lori Segura, who were the tenants.  Appellants Jason and Misty Squyres, who were the landlords, contend in four points that the evidence is legally and factually insufficient to support the judgment because Appellees failed to prove certain conditions precedent and that the trial court erred by denying their motion for continuance and motion for new trial.  We hold that Appellants forfeited the right to complain about the failure of conditions precedent and that the trial court did not abuse its discretion in denying their motion for continuance and motion for new trial.  Therefore, we affirm the trial court’s judgment.

Appellees lived in a house pursuant to a written lease agreement with Appellants.  The lease was for a term of one year commencing on August 1, 2003, and ending on July 31, 2004.  The lease agreement provided:

Tenant must give Landlord at least thirty (30) days written notice of surrender before Landlord is obligated to refund or account for the security deposit
.  
Notice:  The Texas Property Code does not obligate Landlord to return or account for the security deposit until 30 days after Tenant surrenders the Property (vacating and returning all keys and access devices) and gives Landlord a written statement of Tenant’s forwarding address.
  [Emphasis in original]

The lease agreement also stated the address to which all notices were to be sent.  Appellees paid Appellants security and pet deposits totaling $3,050.00. During the term of the lease, Appellees found another house that they desired to buy.  Appellees entered into an oral agreement with Appellants that Appellees could terminate the lease early if a replacement tenant could be found.

On January 7, 2004, Appellees drafted a letter to Appellant Jason Squyres, stating that they had bought a house on December 19, 2003.  The letter proposed, among other things, that Appellees would pay $3,200 to an agent who found a replacement resident.  The letter was attached to a box that Appellants were to pick up at their convenience.  The box was a Christmas present for Appellants that had arrived at Appellees’ house (which was Appellants’ former house).  Appellees had called Appellants and told them, “There’s a box here for [you], and I have a letter attached to it.”  Appellants picked up the package at an unspecified later date.

Appellees moved out of the house they leased from Appellants on January 28, 2004.  They called Appellants twice, requesting the refund of their security deposits.  In addition, Appellees’ attorney sent a letter to Appellants demanding the return of the deposits.  Appellants refused to return the deposits and failed to provide any accounting regarding the deposits.

Appellees filed suit, alleging violations of the Texas Property Code and breach of contract.  They sought return of their deposits, treble damages, and attorney’s fees and claimed that all conditions precedent had occurred.  Appellants filed a general denial and did not specifically deny any conditions precedent.  Appellants also asserted a counterclaim for breach of the lease agreement due to the early termination of the lease.  During the course of the case, Appellants failed to respond to several discovery requests.  Appellees filed a motion to compel discovery, and after Appellants failed to attend the hearing on the motion, the court ordered Appellants to respond to the discovery requests and to reimburse Appellees for costs incurred in the motion.  Appellants failed to comply with this order.

On January 27, 2005, Appellants allegedly had to respond to an out-of-state “family emergency.”  Appellants asked their lawyer to obtain a continuance.  Appellants’ counsel called Appellees’ counsel’s cellular phone on Friday, January 28, 2005, leaving a message requesting Appellees’ counsel to return his call.  The two attorneys did not speak until the morning of the trial, January 31, 2005, and an agreement was not reached.

Appellants filed a motion for continuance by faxing the motion to a local law firm, which submitted the motion to the court on Appellants’ behalf. Appellants’ counsel did not appear at trial to explain Appellants’ absence, but he claimed that he was four hours away from the court and had encountered inclement weather and traffic on the highway.  The trial court denied the motion for continuance because there were no answers to discovery, no appearance by counsel at this or the prior motion to compel hearing, no compliance with a court order, and no indication of what the emergency was. The court rendered judgment for Appellees after hearing evidence of liability and damages and awarded Appellees damages of $14,215.00, consisting of actual and statutory damages of $9,250.00, prejudgment interest of $465.00, and attorney’s fees of $4,500.00.

Appellants filed a motion for new trial on February 22, 2005, citing the family emergency.  At the trial, Appellant Jason Squyres testified that he had to visit his sister because she had been kicked by a horse.  The trial court denied the motion for new trial, and Appellants appealed.

In their first two points, Appellants assert that there was no evidence or insufficient evidence to support the trial court’s judgment awarding damages to Appellees.  Their arguments under these points are based solely on the contention that Appellees, as plaintiffs in the trial court, had not proven that conditions precedent had occurred.

Under the lease agreement, Appellees must comply with two conditions precedent to entitle them to a refund of their security deposit:  thirty days’ written notice of surrender as required by the lease agreement and a written notice of a forwarding address.  Appellees, in their original petition, pleaded that all conditions precedent to their recovery against Appellants had been performed or had occurred.  Thus, the lease agreement required Appellees to prove only the conditions precedent that Appellants specifically denied.
(footnote: 2)  Absent a specific denial, Appellees did not have the burden of proving that the conditions precedent to recovery had been met.
(footnote: 3)  Appellants’ answer contains a general denial and a counterclaim, but it does not contain any specific denials as to the alleged conditions precedent asserted by Appellees.  Even in their counterclaim, although Appellants asserted that Appellees did make “an oral demand for return of the security deposit,” they never alleged that Appellees failed to give written notice of surrender or of a forwarding address.  Because Appellants failed to specify which conditions precedent had not been met, they forfeited any right to complain about the failure of any condition precedent to recovery on appeal.
(footnote: 4)  Thus, the lease agreement did not require Appellees to prove the satisfaction of these conditions precedent at trial.  Any evidence presented would sufficiently support the judgment as to the conditions precedent.  We overrule Appellants’ first two points.

In their third point, Appellants argue that the trial court abused its discretion by denying their motion for continuance due to their absence.  In cases in which a trial judge's discretion comes into play, such as in denying a motion to continuance, the judge may take into account the entire procedural history of the case.
(footnote: 5)  In oral argument, Appellants contended that the cases applying this rule of law involved absence of counsel, rather than absence of parties, and that because Appellants are asserting an abuse of discretion with regard to themselves, the cases do not govern.  However, as noted, the trial court denied Appellants’ motion for continuance for many reasons, including because there were no answers to discovery, no appearance by counsel at this or the prior motion to compel hearing, no compliance with a court order, and no indication of what the emergency was.  The court also stated that Appellants’ attorney did not indicate that 
his 
appearance could not be made, but only that Appellants’ appearance would not be made.  Thus, the denial of the motion was not due solely to the absence of Appellants, but the trial judge relied heavily on the failure of counsel to appear and the history of the case.  Denial of the motion for continuance was justified on these bases.  We therefore hold that the trial court did not abuse its discretion in denying the motion.  We overrule Appellants’ third point.

In Appellants’ fourth point, they argue that the trial court abused its discretion by denying Appellants’ motion for new trial to set aside the judgment.  The trial court should grant a motion for new trial when all three elements of the 
Craddock 
test for relief from default judgment are met.
(footnote: 6)  
Craddock 
requires that 
(1) the appellants’ failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the motion for new trial sets up a meritorious defense, and  (3) the motion for new trial is filed when the granting will not occasion a delay or otherwise work an injury to the appellees.
(footnote: 7)  On appeal, the trial court's determination of a motion for new trial is reviewed under abuse of discretion standard.
(footnote: 8)
 The party seeking new trial has the burden of proving lack of conscious indifference.
(footnote: 9)  Even a slight excuse may justify a new trial, and a party can be found negligent and still satisfy the 
Craddock 
test.
(footnote: 10)  However, this court has interpreted conscious indifference “to mean a failure to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances.”
(footnote: 11)  In determining whether the failure to appear was due to intentional disregard or conscious indifference, the court may look at all the evidence in the record.
(footnote: 12)
 Here, there is evidence in the record and presented in Appellees’ response to the motion for new trial that Appellants and their attorney had previously failed to respond to several discovery requests, failed to attend the hearing on Appellees’ motion to compel discovery, failed to comply with the order to respond to the discovery requests, and failed to comply with the trial court’s order to reimburse Appellees for their expenses incurred in obtaining the order.  In addition, there was little information regarding Appellants’ “family emergency,” such as when they returned home from the emergency and why they were unable to return in time for trial.  There is no evidence regarding why Appellant Misty Squyres needed to travel with Appellant Jason Squyres to the emergency.  Moreover, Appellants’ counsel did not appear at trial to explain Appellants’ absence; instead, he claimed that he encountered inclement weather and traffic on the highway on the morning of the trial, so he returned home.  We believe that a person of reasonable sensibilities would ensure that he provided himself with sufficient travel time to arrive at a court hearing, especially when considering the procedural history of the case.  Thus, we hold that Appellants have not established that their failure or their counsel’s failure to appear was not the result of conscious indifference, and it is unnecessary for us to consider whether Appellants met the other 
Craddock 
requisites.
(footnote: 13)  We hold that the trial court did not abuse its discretion by denying Appellants’ motion for new trial and overrule Appellants’ fourth point.

Because we have overruled Appellants’ four points, we affirm the judgment of the trial court.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  January 5, 2006

FOOTNOTES
1:
See 
T
ex. R. App. P
. 47.4.

2:
See 
Tex. R. Civ. P
. 54; 
Cmty. Bank & Trust
, 
S.S.B. v. Fleck
, 107 S.W.3d 541, 542 (Tex. 2002).

3:
Fleck
, 107 S.W.3d at 542 (citing 
Fireman's Fund & Indem. Co. v. Boyle Gen. Tire Co.
, 392 S.W.2d 352, 356 (Tex. 1965)).

4:
See
 
Tex. R. Civ. P
. 54; 
Wade and Sons
,
 Inc. v. Am. Standard
,
 Inc
., 127 S.W.3d 814, 825-26 (Tex. App.—San Antonio 2003, pet. denied); 
Sunbelt Constr. Corp.
,
 Inc. v. S&D Mech. Contractors
,
 Inc.
, 668 S.W.2d 415, 417-18 (Tex. App.—Corpus Christi 1983, writ ref’d n.r.e.).

5:
Waste Water
,
 Inc. v. Alpha Finishing & Developing Corp.
, 874 S.W.2d 940, 942 (Tex. App.—Houston [14
th
 Dist.] 1994, no writ); 
Sustala v. El-Romman
, 712 S.W.2d 164, 166 (Tex. App.—Houston [14
th
 Dist.] 1985, writ ref'd n.r.e.).

6:
Craddock v. Sunshine Bus Lines
,
 Inc.
, 133 S.W.2d 124, 126 (Tex. 1939)
; 
see also Carpenter v. Cimarron Hydrocarbons Corp
., 98 S.W.3d 682, 685 (Tex. 2002).

7:
Craddock
, 133 S.W.2d at 126.

8:
Cliff v. Huggins
,
 
724 S.W.2d 778, 778-79 (Tex. 1987); 
Sharpe v. Kilcoyne
,
 
962 S.W.2d 697, 700 (Tex. App.—Fort Worth 1998, no pet.).

9:
Liberty Mut. Fire Ins. Co. v. Ybarra
,
 
751 S.W.2d 615, 617-18 (Tex. App.—El Paso 1988, no writ).

10:
See Ivy v. Carrell
, 407 S.W.2d 212, 213 (Tex. 1966); 
Gen. Life & Accident Ins. Co. v. Higginbotham
, 817 S.W.2d 830, 832 (Tex. App.—Fort Worth 1991, writ denied).

11:
Sharpe
,
 
962 S.W.2d at 701 (quoting 
Johnson v. Edmonds
, 712 S.W.2d 651, 652-53 (Tex. App.—Fort Worth 1986, no writ)).

12:
Dir.
,
 State Employees Workers' Comp. Div. v. Evans
, 889 S.W.2d 266, 268 (Tex. 1994).

13:
See 
T
ex. R. App. P
. 47.1.