COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-157-CV

 

 

JASON SQUYRES AND                                                       APPELLANTS

MISTY
SQUYRES                                                                                 

 

                                                   V.

 

MARIANO SEGURA                                                              APPELLEES

AND
LORI SEGURA                                                                              

 

                                              ------------

 

          FROM COUNTY
COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is an appeal from the trial court=s
default judgment awarding damages arising from a landlord-tenant dispute to
Appellees Mariano and Lori Segura, who were the tenants.  Appellants Jason and Misty Squyres, who were
the landlords, contend in four points that the evidence is legally and factually
insufficient to support the judgment because Appellees failed to prove certain
conditions precedent and that the trial court erred by denying their motion for
continuance and motion for new trial.  We
hold that Appellants forfeited the right to complain about the failure of
conditions precedent and that the trial court did not abuse its discretion in
denying their motion for continuance and motion for new trial.  Therefore, we affirm the trial court=s
judgment.

Appellees lived in a house pursuant to a written
lease agreement with Appellants.  The
lease was for a term of one year commencing on August 1, 2003, and ending on
July 31, 2004.  The lease agreement
provided:

Tenant must give Landlord
at least thirty (30) days written notice of surrender before Landlord is
obligated to refund or account for the security deposit.  Notice: 
The Texas Property Code does not obligate Landlord to return or account
for the security deposit until 30 days after Tenant surrenders the Property
(vacating and returning all keys and access devices) and gives Landlord a
written statement of Tenant=s forwarding address.  [Emphasis in original]

 

The lease agreement also stated the address to which all notices were
to be sent.  Appellees paid Appellants
security and pet deposits totaling $3,050.00. During the term of the lease,
Appellees found another house that they desired to buy.  Appellees entered into an oral agreement with
Appellants that Appellees could terminate the lease early if a replacement
tenant could be found.








On January 7, 2004, Appellees drafted a letter to
Appellant Jason Squyres, stating that they had bought a house on December 19,
2003.  The letter proposed, among other things,
that Appellees would pay $3,200 to an agent who found a replacement
resident.  The letter was attached to a
box that Appellants were to pick up at their convenience.  The box was a Christmas present for
Appellants that had arrived at Appellees= house
(which was Appellants= former house).  Appellees had called Appellants and told
them, AThere=s a box here
for [you], and I have a letter attached to it.@  Appellants picked up the package at an
unspecified later date.

Appellees moved out of the house they leased from
Appellants on January 28, 2004.  They
called Appellants twice, requesting the refund of their security deposits.  In addition, Appellees=
attorney sent a letter to Appellants demanding the return of the deposits.  Appellants refused to return the deposits and
failed to provide any accounting regarding the deposits.








Appellees filed suit, alleging violations of the
Texas Property Code and breach of contract. 
They sought return of their deposits, treble damages, and attorney=s fees
and claimed that all conditions precedent had occurred.  Appellants filed a general denial and did not
specifically deny any conditions precedent. 
Appellants also asserted a counterclaim for breach of the lease
agreement due to the early termination of the lease.  During the course of the case, Appellants
failed to respond to several discovery requests.  Appellees filed a motion to compel discovery,
and after Appellants failed to attend the hearing on the motion, the court
ordered Appellants to respond to the discovery requests and to reimburse
Appellees for costs incurred in the motion. 
Appellants failed to comply with this order.

On January 27, 2005, Appellants allegedly had to
respond to an out-of-state Afamily
emergency.@ 
Appellants asked their lawyer to obtain a continuance.  Appellants= counsel
called Appellees= counsel=s
cellular phone on Friday, January 28, 2005, leaving a message requesting
Appellees= counsel to return his
call.  The two attorneys did not speak
until the morning of the trial, January 31, 2005, and an agreement was not
reached.








Appellants filed a motion for continuance by
faxing the motion to a local law firm, which submitted the motion to the court
on Appellants= behalf. Appellants= counsel
did not appear at trial to explain Appellants=
absence, but he claimed that he was four hours away from the court and had
encountered inclement weather and traffic on the highway.  The trial court denied the motion for
continuance because there were no answers to discovery, no appearance by
counsel at this or the prior motion to compel hearing, no compliance with a
court order, and no indication of what the emergency was. The court rendered
judgment for Appellees after hearing evidence of liability and damages and
awarded Appellees damages of $14,215.00, consisting of actual and statutory
damages of $9,250.00, prejudgment interest of $465.00, and attorney=s fees
of $4,500.00.

Appellants filed a motion for new trial on
February 22, 2005, citing the family emergency.  At the trial, Appellant Jason Squyres
testified that he had to visit his sister because she had been kicked by a
horse.  The trial court denied the motion
for new trial, and Appellants appealed.

In their first two points, Appellants assert that
there was no evidence or insufficient evidence to support the trial court=s
judgment awarding damages to Appellees. 
Their arguments under these points are based solely on the contention
that Appellees, as plaintiffs in the trial court, had not proven that
conditions precedent had occurred.








Under the lease agreement, Appellees must comply
with two conditions precedent to entitle them to a refund of their security
deposit:  thirty days= written
notice of surrender as required by the lease agreement and a written notice of
a forwarding address.  Appellees, in
their original petition, pleaded that all conditions precedent to their
recovery against Appellants had been performed or had occurred.  Thus, the lease agreement required Appellees
to prove only the conditions precedent that Appellants specifically denied.[2]  Absent a specific denial, Appellees did not
have the burden of proving that the conditions precedent to recovery had been
met.[3]  Appellants= answer
contains a general denial and a counterclaim, but it does not contain any
specific denials as to the alleged conditions precedent asserted by
Appellees.  Even in their counterclaim,
although Appellants asserted that Appellees did make Aan oral
demand for return of the security deposit,@ they
never alleged that Appellees failed to give written notice of surrender or of a
forwarding address.  Because Appellants
failed to specify which conditions precedent had not been met, they forfeited
any right to complain about the failure of any condition precedent to recovery
on appeal.[4]  Thus, the lease agreement did not require
Appellees to prove the satisfaction of these conditions precedent at
trial.  Any evidence presented would
sufficiently support the judgment as to the conditions precedent.  We overrule Appellants= first
two points.













In their third point, Appellants argue that the
trial court abused its discretion by denying their motion for continuance due
to their absence.  In cases in which a
trial judge's discretion comes into play, such as in denying a motion to
continuance, the judge may take into account the entire procedural history of
the case.[5]  In oral argument, Appellants contended that
the cases applying this rule of law involved absence of counsel, rather than
absence of parties, and that because Appellants are asserting an abuse of
discretion with regard to themselves, the cases do not govern.  However, as noted, the trial court denied
Appellants= motion for continuance for many
reasons, including because there were no answers to discovery, no appearance by
counsel at this or the prior motion to compel hearing, no compliance with a
court order, and no indication of what the emergency was.  The court also stated that Appellants=
attorney did not indicate that his appearance could not be made, but
only that Appellants= appearance would not be
made.  Thus, the denial of the motion was
not due solely to the absence of Appellants, but the trial judge relied heavily
on the failure of counsel to appear and the history of the case.  Denial of the motion for continuance was
justified on these bases.  We therefore
hold that the trial court did not abuse its discretion in denying the
motion.  We overrule Appellants= third
point.

In Appellants= fourth
point, they argue that the trial court abused its discretion by denying
Appellants= motion for new trial to set
aside the judgment.  The trial court
should grant a motion for new trial when all three elements of the Craddock test
for relief from default judgment are met.[6]  Craddock requires that (1) the
appellants= failure to answer was not
intentional or the result of conscious indifference but was due to a mistake or
accident, (2) the motion for new trial sets up a meritorious defense, and  (3) the motion for new trial is filed when
the granting will not occasion a delay or otherwise work an injury to the
appellees.[7]  On appeal, the trial court's determination of
a motion for new trial is reviewed under abuse of discretion standard.[8]








The party seeking new trial has the burden of proving
lack of conscious indifference.[9]  Even a slight excuse may justify a new trial,
and a party can be found negligent and still satisfy the Craddock test.[10]  However, this court has interpreted conscious
indifference Ato mean a failure to take some
action which would seem indicated to a person of reasonable sensibilities under
the same circumstances.@[11]  In determining whether the failure to appear
was due to intentional disregard or conscious indifference, the court may look
at all the evidence in the record.[12]








Here, there is evidence in the record and
presented in Appellees= response to the motion for new
trial that Appellants and their attorney had previously failed to respond to
several discovery requests, failed to attend the hearing on Appellees= motion
to compel discovery, failed to comply with the order to respond to the
discovery requests, and failed to comply with the trial court=s order
to reimburse Appellees for their expenses incurred in obtaining the order.  In addition, there was little information
regarding Appellants= Afamily
emergency,@ such as when they returned home
from the emergency and why they were unable to return in time for trial.  There is no evidence regarding why Appellant
Misty Squyres needed to travel with Appellant Jason Squyres to the
emergency.  Moreover, Appellants= counsel
did not appear at trial to explain Appellants=
absence; instead, he claimed that he encountered inclement weather and traffic
on the highway on the morning of the trial, so he returned home.  We believe that a person of reasonable
sensibilities would ensure that he provided himself with sufficient travel time
to arrive at a court hearing, especially when considering the procedural
history of the case.  Thus, we hold that
Appellants have not established that their failure or their counsel=s
failure to appear was not the result of conscious indifference, and it is
unnecessary for us to consider whether Appellants met the other Craddock requisites.[13]  We hold that the trial court did not abuse
its discretion by denying Appellants= motion
for new trial and overrule Appellants= fourth
point.

Because we have overruled Appellants= four
points, we affirm the judgment of the trial court.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, WALKER, and
MCCOY, JJ.

DELIVERED:  January 5, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P.
54; Cmty. Bank & Trust, S.S.B. v. Fleck, 107 S.W.3d 541, 542
(Tex. 2002).





[3]Fleck, 107
S.W.3d at 542 (citing Fireman's Fund & Indem. Co. v. Boyle Gen. Tire Co.,
392 S.W.2d 352, 356 (Tex. 1965)).





[4]See Tex. R. Civ. P. 54; Wade and Sons,
Inc. v. Am. Standard, Inc., 127 S.W.3d 814, 825-26 (Tex. App.CSan
Antonio 2003, pet. denied); Sunbelt Constr. Corp., Inc. v. S&D
Mech. Contractors, Inc., 668 S.W.2d 415, 417-18 (Tex. App.CCorpus
Christi 1983, writ ref=d n.r.e.).





[5]Waste Water,
Inc. v. Alpha Finishing & Developing Corp., 874 S.W.2d 940, 942 (Tex.
App.CHouston [14th Dist.] 1994, no writ); Sustala
v. El‑Romman, 712 S.W.2d 164, 166 (Tex. App.CHouston
[14th Dist.] 1985, writ ref'd n.r.e.).





[6]Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939); see
also Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 685 (Tex.
2002).





[7]Craddock,
133 S.W.2d at 126.





[8]Cliff v. Huggins, 724 S.W.2d 778, 778‑79 (Tex. 1987); Sharpe v.
Kilcoyne, 962 S.W.2d 697, 700 (Tex. App.CFort
Worth 1998, no pet.).





[9]Liberty Mut. Fire Ins. Co. v. Ybarra, 751 S.W.2d 615, 617-18 (Tex. App.CEl Paso
1988, no writ).





[10]See Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex. 1966); Gen. Life & Accident Ins. Co.
v. Higginbotham, 817 S.W.2d 830, 832 (Tex. App.CFort
Worth 1991, writ denied).





[11]Sharpe, 962
S.W.2d at 701 (quoting Johnson v. Edmonds, 712 S.W.2d 651, 652‑53
(Tex. App.CFort Worth 1986, no writ)).





[12]Dir.,
State Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex.
1994).





[13]See Tex. R. App. P. 47.1.