ACCEPTED
12-14-00365-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/25/2015 11:22:22 AM
CATHY LUSK
CLERK

## No. 12-14-00365-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/25/2015 11:22:22 AM
CATHY S. LUSK
Clerk

# IN THE COURT OF APPEALS
# TWELFTH DISTRICT OF TEXAS
# AT TYLER

## EDOM CORNER, LLC AND EARL A. BERRY, JR., APPELLANTS

### v.

## IT'S THE BERRYS, LLC d/b/a MARY ELLEN'S, APPELLEE

### On Appeal from the 294th Judicial District Court
### Of Van Zandt County, Texas
### Trial Court Cause 09-00138
### Hon. Teresa Drum, Judge Presiding

## APPELLANTS' REPLY BRIEF

Katherine A. Ferguson
SBN 06918050
Renshaw, Davis & Ferguson, L.L.P.
2900 Lee Street, Suite 102
P.O. Box 21
Greenville, Texas 75403-0021
Telephone: (903) 454-6050
Facsimile: (903) 454-4898
Email: rdflawoffice@yahoo.com

Richard L. Ray
SBN 16606300
Ray & Thatcher, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103
Telephone: (903) 567-2051
Facsimile: (903) 567-6998

**ATTORNEYS FOR APPELLANTS EDOM CORNER, LLC AND EARL A. BERRY, JR**.

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

**Appellants:**
Edom Corner, LLC
Earl A. Berry, Jr.

**Appellants' Attorneys:**
Katherine A. Ferguson
Renshaw, Davis & Ferguson, LLP
P.O. Box 21
Greenville, Texas 75403-0021

Richard L. Ray
Ray & Thatcher, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103

**Appellants' Trial Attorneys:**
Katherine A. Ferguson
Renshaw, Davis & Ferguson, LLP
P.O. Box 21
Greenville, Texas 75403-0021

Richard L. Ray
Ray & Thatcher, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103

**Appellee:**
It's the Berry's, LLC d/b/a Mary Ellen's

**Appellee's Attorneys:**
Larry M. Lesh, Esq.
1 Forest Park Drive
Richardson, Texas 75080

R. Paul Elliot, Esq.
301 S. Main St.
Canton, Texas 75103

**Appellee's Trial Attorneys:**
Larry M. Lesh, Esq.
1 Forest Park Drive

Richardson, Texas 75080

R. Paul Elliot, Esq.
301 S. Main St.
Canton, Texas 75103

**<u>Trial Court:</u>**
Hon. Teresa A. Drum
294th Judicial District Court

# TABLE OF CONTENTS

Identity of the Parties and Counsel ..................................................................2

Table of Contents ..........................................................................................4

Index of Authorities ......................................................................................5

Reply Issues Presented ..................................................................................6

**Reply Issue One**
> THE TRIAL COUR ERRED IN FINDING THAT APPELLEEE WAS
> THE PREVAILING PARTY IN THE LITIGATION

**Reply Issue Two**
> THE TRIAL COURT ERRED IN FINDING NEITHER RES JUDICATA
> NOR COLLATERAL ESTOPPEL BARRED APPELLEE'S SUIT

**Reply Issue Three**
> THE TRIAL COURT ERRED IN FINDING BERRY INDIVIDUALLY
> LIABLE IN APPELLEE'S SUIT

**Reply Issue Four**
> THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES ON
> SUMMARY JUDGMENT TO APPELLEE

Argument and Authorities.................................................................................7

Conclusion and Prayer for relief....................................................................13

Certificate of compliance of typeface and Word Count ..........................................14

Certificate of Service ......................................................................................14

# INDEX OF AUTHORITIES

**State Cases:**

*Goldman v. Olmstead*,
  414 S.W.3d 346 (Tex. App. - Dallas 2013, no pet) ...........................................8, 9

*Igal v. Brightstar Information Technology Group, Inc.*,
  250 S.W.3d 78, 86 (Tex. 2008)...................................................................................10

*In Re Nalle Plastics Family Ltd. Partnership*,
  406 S.W.3d 168 (Tex. 2013)......................................................................................14

*Insurance Co. of the State of Pennsylvania v. Oraco,*
  170 S.W.3d 129 (Tex. App. – San Antonio 2005, no pet.).....................................9

*It's the Berry's, LLC v. Edom Corner, LLC,*
  271 S.W.3d 765 (Tex. App. – Amarillo 2008, no pet.) .........................................10

*Laredo Independent School Dist. v. Trevino*,
  25 S.W.3d 263 (Tex. App. – San Antonio 2000, pet. denied)..............................13

*MBM Financial Corp. v. Woodlands Operating Co.,*
  292 S.W.3d 660 (Tex. 2009)......................................................................................13

*Robbins v. Capozzi*,
  100 S.W.3d 18 (Tex. App. - Tyler 2002, no pet.)...................................................8

**State Statutes:**

TEX. BUS. ORGAN. CODE SEC. 101.113 .......................................................................11

TEX. BUS. ORGAN. CODE SEC. 101.114 .......................................................................11

# REPLY ISSUES PRESENTED

**Issue Number One**

THE TRIAL COUR ERRED IN FINDING THAT APPELLEE WAS THE PREVAILING PARTY IN THE LITIGATION

**Issue Number Two**

THE TRIAL COURT ERRED IN FINDING NEITHER RES JUDICATA OR COLLATERAL ESTOPPEL BARRED APPELLEE'S SUIT

**Issue Number Three**

THE TRIAL COURT ERRED IN FINDING BERRY INDIVIDUALLY LIABLE IN APPELLEE'S SUIT

**Issue Number Four**

THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES ON SUMMARY JUDGMENT TO APPELLEE

## ARGUMENT AND AUTHORITIES

### REPLY ISSUE ONE: THE TRIAL COUR ERRED IN FINDING THAT APPELLEE WAS THE PREVAILING PARTY IN THE LITIGATION

In the Appellee's Brief[1] (hereinafter, the "Brief") Appellee misstates the law to support its argument that it was the prevailing party in the Litigation. Appellee asserts that it prevailed because Appellants did not achieve the aim of evicting Appellee from the property. *Brief* at 15. Appellants *were not* thwarted in the objective to evict Appellee due to an adverse legal ruling; the passage of time involved during the course of the Litigation rendered the issue moot because Appellee forgot to renew the Lease and the Lease expired. Nothing about the Litigation would have prevented Appellants from starting over again and pursuing an eviction action against Appellee had the Lease still been in effect. Because there was no decision on the merits by a court of competent jurisdiction that denied Appellants' the right to seek to evict Appellee, Appellee did not prevail in the Litigation.

Appellee cites this Court to *Robbins v. Capozzi*, 100 S.W.3d 18 (Tex. App. - Tyler 2002, no pet.) and *Goldman v. Olmstead*, 414 S.W.3d 346 (Tex. App. - Dallas 2013, no pet) in support of its argument, but fails to note the critical factual distinction: in both *Robbins* and *Goldman*, the defendants successfully defended the

---

[1] This Reply Brief will use the same abbreviations as used in the Appellants' Brief.

claims *on the merits*. *Robbins,* 100 S.W.3d at. 27; *Goldman*, 424 S.W3d at 367.

"Whether a party is a prevailing party *is based on success on the merits* . . . . A prevailing party is one who is vindicated by the trial court's judgment." *Robbins,* 100 S.W.3d at 27, *citing Insurance Co. of the State of Pennsylvania v. Oraco,* 170 S.W.3d 129, 134 (Tex. App. – San Antonio 2005, no pet.)   Appellee was never vindicated by Appellants receiving an adverse ruling on the merits in the District Court Case.[2]   Appellee therefore was not the prevailing party and was not entitled to recover attorney's fees.  Similarly, Appellee either did not receive rulings in its favor on the merits in any of the other cases comprising the Litigation, or the Appellee's request for attorney's fees was denied in those rulings.

> REPLY ISSUE TWO:  THE TRIAL COURT ERRED IN FINDING NEITHER RES JUDICATA NOR COLLATERAL ESTOPPEL BARRED APPELLEE'S SUIT

In its brief, Appellee asserts that the District Court lacked jurisdiction over its claims for attorney's fees in the District Court Case and therefore res judicata does not apply.  Appellees are misrepresenting both the facts of the District Court Case and the Seventh Court of Appeal's ruling.  Appellees filed a separate counterclaim against Appellants in the District Court Case.  (CR Vol. 2, #279-284).  Appellee sought an award of attorney's fees on its counterclaim for a declaratory judgment.

---

[2] Appellee did not raise the jurisdiction issue in the District Court Case; therefore, any positions taken by Appellee at the District Court level were not 'vindicated' at the appellate court level.

The Trial Court denied all of Appellee's claims in its declaratory judgment action. (CR Vol. 2, #285) The Seventh Court specifically severed and dismissed the forcible detainer action from the Appellee's counterclaim, and *affirme*d the Trial Court's denial of attorney's fees on Appellee's declaratory judgment action. *It's the Berry's, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 772 (Tex. App. – Amarillo 2008, no pet) (Appellee "did not contend the absence of an award of attorney's fees under the Uniform Declaratory Judgment Acts . . . was error. We overrule [ITB's] eleventh issue as to its claim for attorney's fees.") The Trial Court *did* have jurisdiction over Appellee's claims for attorney's fees in the District Court Case, and it denied the claim. Appellee *waived* that issue by failing to argue that the Trial Court's denial of attorney's fees under the declaratory judgments act was error. Thus the Seventh Court of Appeals *affirmed* the Trial Court's ruling, and that decision is now res judicata. Appellee is seeking to correct its error in failing to raise the issue to the Seventh Court of Appeals by bringing this action. The law does not allow Appellee another bite at the apple.

In its Brief, Appellee does not contest the fact that in all of the other judgments comprising the Litigation, Appellee either sought and was denied its claim for attorney's fees, or it did not raise the claim in those actions. "A party may not pursue a claim determined by a court of competent jurisdiction in a prior suit as a ground of recovery in a later suit against the same parties." *Igal v. Brightstar Information*

*Technology Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) The Trial Court erred in holding that Appellee's claims were not barred by res judicata and the judgment of the Trial Court should be reversed.

REPLY ISSUE THREE: THE TRIAL COURT ERRED IN FINDING BERRY INDIVIDUALLY LIABLE IN APPELLE'S SUIT

It is significant that Appellee fails to address the fact that the Texas Business and Organizations Code, Sections 101.113 and 101.114 wholly negate its claims against Appellant Berry. Appellee's brief fails to point to any fact to show that the regulations of Appellant Edom Corner provided for the members to have any individual liability for the debts of Appellant Edom Corner and further failed to show any pattern or course of dealing by Appellant Berry that would establish individual liability of Appellant Berry for the debts of Appellant Edom Corner. The Trial Court erred in finding Appellant Berry liable. This Court should reverse the ruling of the Trial Court and order that Appellees take nothing against Appellant Berry.

Appellee also ignores the fact that, assuming *arguendo* its tortured reading of the Lease is correct and Appellant Berry was a party to the Lease, its claims against Appellant Berry under the Lease necessarily arose from the same nexus of facts as the claims against Appellant Edom Corner in the District Court Case and the other cases comprising the Litigation. Appellee wholly fails to acknowledge, let alone refute, the argument that those claims were compulsory counterclaims which Appellee should have raised in any of the cases making up the Litigation. Appellee

10

fails to address this because it cannot refute the clear case law that Appellee's claims against Appellant Berry are barred by res judicata. The Trial Court erred in finding otherwise and this Court should reverse the judgment of the Trial Court and render a judgment in favor of Appellants.

ISSUE FOUR: THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES ON SUMMARY JUDGMENT TO APPELLEE

Appellee claims that Appellants wholly failed to rebut the presumption of reasonableness of its fees. Appellee is incorrect. Appellants attached to their response to the Third Motion the Bennett Affidavit (CR Vol. 9, #1481 1610). Appellee claims the Bennett Affidavit did not rebut the "statutory presumption" of reasonableness of its claims for attorney's fees. Appellee is incorrect.

The Bennett Affidavit directly controverted the statements in prior affidavits submitted by Appellee as to the reasonableness and necessity of the attorney's fees. For example, in paragraph 8, the Bennett Affidavit noted the practice of Appellee's lead attorney of billing in a minimum of half hour increments. (CR Vol. 9, #1484) The Bennett Affidavit stated that such a practice was neither reasonable, usual nor customary in Van Zandt County, Texas. In paragraph 9, the Bennett Affidavit noted that many of the entries included as part of the claim for "attorney's fees" were actually claims for reimbursement of costs incurred rather than attorney work, and as such did not belong as part of a claim for attorney fees. (CR Vol. 9, #1484-85) In paragraph 11, the Bennett Affidavit noted that there were numerous

11

inconsistencies between the bills of the three attorneys for Appellee (CR Vol. 9, #1486), including instances where one attorney billed a certain time for attending a hearing while another attorney billed significantly less for attending and participating in the same hearing (CR Vol. 9, #1486), and that multiple attorneys billed for the same task, a redundancy which Bennett stated was not a reasonable, usual or customary practice in Van Zandt County, Texas.

Appellee cites this court to *Laredo Independent School Dist. v. Trevino*, 25 S.W.3d 263 (Tex. App. – San Antonio 2000, pet. denied) in support. Appellees are misconstruing *Laredo*. In *Laredo*, Trevino presented summary judgment evidence as to the usual and customary fee to be recovered in a quasi-contract case. Trevino presented evidence that a 40% contingency fee was a reasonable and customary fee. Laredo "*introduced no evidence to the contrary.*" *Id*. at. 266 (emphasis added). The *Laredo* case does not stand for the proposition that if one side argues its fees are usual and customary that the court is then bound by law to find them so. Rather, *Laredo* merely supports that proposition that a trial court may find attorney's fees usual and customary if the other party *fails to challenge* that assertion. This is not what happened in the present case.

Appellee is engaging in a circular argument. Appellee asserts a trial court may take judicial notice of a usual and customary fee, and then attempts to extend that rule to provide that if one party asserts its fee is the usual and customary fee, the

opposing party by law cannot rebut that assertion. This is incorrect. Just because Appellee claimed its fees were usual, reasonable and customary does not mean by law that such fees were. Appellants presented an affidavit that raised fact questions that a large portion of the attorney fees claimed by Appellee were not usual, customary or reasonable. Because Appellants raised a fact issue, the Trial Court erred in granting summary judgment in favor of Appellee.

Appellee fails to address *MBM Financial Corp. v. Woodlands Operating Co.,* 292 S.W.3d 660 (Tex. 2009), which holds that without actual damages, a claim for attorney's fees is inappropriate. Appellee never sought, nor was it awarded, actual damages in any of the cases that made up the Litigation. Therefore, it is not entitled to recover attorney's fees in this cause.

Finally, it is important to note that Appellee has yet again misconstrued the law to support its claims. Appellee asserts that *In re Nalle Plastics Family Limited Partnership*, 406 S.W.3d 168 (Tex. 2013) supports its position that it can recover attorney's fees without having recovered any actual damages. Appellee is incorrect. *Nalle* merely recognized that if the "*underlying* suit concerns a claim for attorney's fees *as an element of damages* . . . then those fees may property be included in a compensatory damage award." *Id* at 175. In other words, if the underlying case, for example, was for collection of attorney's fees by an attorney pursuant to a contract for the rendering of legal services, then the attorney's fees would be part of the

compensatory damages. *Nalle* specifically recognized that suits to recover attorney's fees incurred for prosecuting a claim, as is the case here, are not compensatory damages and are not recoverable.

## <u>CONCLUSION AND PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Appellants pray that this Court reverse the judgment of the Trial Court and render judgment of in favor of Appellants or, alternatively, remand the cause to the Trial Court for further proceedings.

Respectfully submitted,

RENSHAW, DAVIS & FERGUSON, LLP


By:   /s/ Katherine A. Ferguson
       Katherine A. Ferguson
       (SBN 06918050)

2900 Lee Street, Suite 102
P.O. Box 21
Greenville, Texas 75403-0021
Telephone: (903) 454-6050
Facsimile: (903) 454-4898
Email: rdflawoffice@yahoo.com

Richard L. Ray, Esq.
RAY & THATCHER, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103
Telephone: (903) 567-2051
Facsimile: (903) 567-0998

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellants' Brief was served on May 25, 2015 on the parties below by first class United States mail.

/s/Katherine A. Ferguson
Katherine A. Ferguson

Larry M. Lesh
Law offices of Larry M. Lesh
1 Forest Park Drive
Richardson, Texas 75080

R. Paul Elliot
301 S. Main
Canton, Texas 75103

## CERTIFICATE OF COMPLIANCE

I certify this document was produced on a computer using Microsoft Word 2013 and contains 1,861 words, as determined by the computer software's word count function, excluding sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

/s/Katherine A. Ferguson
Katherine A. Ferguson