# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-15-00390-CV


COMPASS BANK                                                    APPELLANT

V.

JERRY DURANT                                                    APPELLEE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CV13-0933

----------

## CONCURRING AND DISSENTING OPINION

----------

I agree with much of the majority opinion. I agree that the trial court erred by granting appellee Jerry Durant's motion for summary judgment on his breach-of-contract and declaratory-judgment claims brought against appellant Compass Bank based on the unambiguous language of their loan and swap agreement. I agree that Durant raised fact issues precluding summary judgment in favor of

Compass on its traditional motion for summary judgment on Durant's breach-of-contract claim. And I agree that the issue of attorney's fees must be reconsidered on remand in light of these holdings. But I disagree with the majority opinion's failure to consider all grounds Compass fairly raised in its summary-judgment motion to defeat Durant's declaratory-judgment claim in our review of the trial court's general summary-judgment denial.

The majority opinion holds that Compass's summary-judgment ground directed to Durant's declaratory-judgment claim was limited to its argument that there was no justiciable controversy as to the rights and status of the parties based on the plain language of the loan and swap agreement, rendering declaratory relief unavailable. Based on this narrow reading of Compass's summary-judgment motion, the majority opinion concludes that Compass was not entitled to judgment as a matter of law on Durant's declaratory-judgment claim.

Indeed, Compass moved for judgment as a matter of law regarding Durant's request for declaratory relief because there was no justiciable controversy. But Compass also argued in its motion that it was entitled to judgment as a matter of law on Durant's declaratory-judgment claim "[f]or the same reasons Durant's breach of contract claim fails," i.e., because "[t]he plain terms of the loan documents to which Durant agreed, obligate him to pay a closeout fee in the event that the amount due under the promissory note was paid off." In other words, Compass argued that the plain language of the loan

2

documents mandated judgment as a matter of law in Compass's favor on Durant's declaratory-judgment claim. Compass further asserted that declaratory relief would be duplicative of Durant's other requested relief, entitling Compass to judgment as a matter of law on that claim. Durant responded to Compass's summary-judgment argument that the terms of the unambiguous loan documents prevented the declaration Durant sought. On appeal, Compass again argues that Durant was not entitled to a nonliability declaration as a matter of law because it would be duplicative of Durant's other requested relief and for the same reasons Durant was not entitled to judgment on his breach-of-contract claim—the terms of the loan documents prevented Durant's proposed interpretation.[1]

I recognize that Compass's summary-judgment motion was not a primer on summary-judgment practice, but it was sufficient to fairly alert the trial court and Durant to the specific grounds upon which Compass believed judgment as a matter of law in its favor could be entered on Durant's request for a nonliability declaration. This is all that is required. *See, e.g.*, *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009); *Laredo ISD v. Trevino*, 25 S.W.3d 263, 264–65 (Tex. App.—San Antonio 2000, pet. denied); *Golden Harvest Co. v. City of Dallas*, 942 S.W.2d 682, 691–92 (Tex. App.—Tyler 1997, writ denied); *Pettite*

---

[1]Interestingly, Compass does not clearly raise its justiciability argument on appeal.

*v. SCI Corp.*, 893 S.W.2d 746, 748 (Tex. App.—Houston [1st Dist.] 1995, no writ).

The grounds Compass fairly raised in the trial court and briefed on appeal should be included in our review of the trial court's denial of Compass's summary-judgment motion directed to Durant's request for declaratory relief. Because the majority opinion correctly determines that the loan documents unambiguously provided that Durant was obligated to pay the termination fee, Compass was entitled to judgment as a matter of law on Durant's declaratory-judgment claim. Because the majority declines to address each ground Compass asserted to defeat Durant's declaratory-judgment claim and does not render judgment in favor of Compass on this claim, I respectfully dissent to that portion of the opinion and judgment and concur in the remainder.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

DELIVERED:  January 5, 2017

4