**COMMUNITY BANK & TRUST, S.S.B., Petitioner,**

v.

**Ardell FLECK, as Independent Administratix for the Estate of Mabel Wright, Deceased, Respondent.**

No. 00–1122.

Supreme Court of Texas.

Dec. 5, 2002.

Rehearing Denied July 17, 2003.

Mary Margaret Parker, John Andrew Cowan, Provost Umphrey Law Firm LLP, Beaumont, for petitioner.

Ted L., Walker, Jasper, for respondent.

PER CURIAM.

Respondent Ardell Fleck, personal representative of the estate of Mable Wright, sued petitioner Community Bank & Trust for honoring five forged checks written on Wright's account before her death. Wright's deposit agreement with the Bank required that she notify the Bank of "an unauthorized signature or alteration within a reasonable time (not to exceed 14 days) after we [the Bank] send or make available to you your statement and items". Fleck did not formally notify the Bank of the forgeries until some eleven months after

the Bank sent a statement reflecting that the items had been paid. Based on the deposit agreement, the Bank refused responsibility for honoring the forged checks.

Fleck pleaded that "[a]ll conditions precedent to Plaintiff's right to bring this suit and to recover from Defendant have been performed or have occurred." The Bank pleaded in its answer that "Plaintiff's claims are barred by the applicable statute of limitations, particularly the limitations period set forth in Section 4.406 of the Texas Business and Commerce Code." Section 4.406 requires a bank customer to act "promptly", and in any event within one year after a statement is available, in notifying the bank that an item contained an unauthorized signature. Under section 4.103(a), a bank may agree with its customers to a specific, shorter, reasonable period within which a customer must give notice. *American Airlines Employees Fed. Credit Union v. Martin*, 29 S.W.3d 86, 97 (Tex.2000). The Bank's pleadings did not mention its deposit agreement with Wright.

Fleck moved for summary judgment. In response, the Bank argued that it had not received notice of the forgeries within fourteen days of the bank statement that showed they had been paid, as required by the deposit agreement. Fleck objected that the Bank had not pleaded the deposit agreement and had not specifically denied her allegation that all conditions precedent to recovery had been met, as required by Rule 54 of the Texas Rules of Civil Procedure. Absent a specific denial, Fleck was relieved of the burden of proving that conditions precedent to recovery had been met. *See Fireman's Fund & Indem. Co. v. Boyle*, 392 S.W.2d 352, 358 (Tex.1965). The Bank did not seek to amend its pleadings. The trial court granted Fleck's motion.

The court of appeals affirmed, 21 S.W.3d 923 (Tex.App.-Beaumont 2000), holding that the deposit agreement was void under section 16.071(a) of the Texas Civil Practice and Remedies Code, which states that "[a] contract stipulation that requires a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract is not valid unless the stipulation is reasonable. A stipulation that requires notification within less than 90 days is void." The court stated that our decision in *Martin* is not to the contrary. *Id.* at 924–925. The court of appeals was plainly incorrect. In *Martin* we stated that "section 16.071 by its terms does not apply [to bank deposit agreements] when the notice to be given is not notice of a claim for damages, but rather notice of unauthorized transactions." 29 S.W.3d at 97. Accordingly, we specifically disapprove of the court of appeals' contrary statement in the present case.

However, because the Bank did not raise the deposit agreement in its pleadings, the trial court's judgment has not been shown to be in error. *See Dairyland County Mut. Ins. Co. v. Roman*, 498 S.W.2d 154, 159 (Tex.1973). The Bank's petition for review is therefore denied. We intimate no view on whether the Bank's requirement that customers give notice within fourteen days was reasonable under section 4.103(a).

Justice SMITH did not participate in the decision.