**Affirm in part, Reverse in part and Remand; Opinion Filed April 30, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00758-CV

### EQUINE HOLDINGS, LLC, Appellant
### V.
### MICHAEL JACOBY, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-18005**

## MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Evans
Opinion by Justice Schenck

This is an interlocutory appeal of the trial court's denial of appellant eQuine

Holdings, LLC's ("eQuine") motion to dismiss appellee Michael Jacoby's breach of

contract claim under the Texas Citizens Participation Act (TCPA), an Anti-SLAPP

statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.[1]  In five issues,

eQuine asserts (1) the trial court lacks subject-matter jurisdiction over Jacoby's

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019.  Those amendments apply to "an action filed on or after" that date.  Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687.  Because this lawsuit was filed before September 1, 2019, the law in effect before September 1 applies.  *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.  All citations to the TCPA are to the version before the 2019 amendments took effect.

claim; (2) if subject-matter jurisdiction exists, the trial court erred in denying eQuine's TCPA motion because eQuine established Jacoby's claim was based on, was related to, or was in response to eQuine's exercise of its right of free speech or to petition; and the trial court abused its discretion (3) in overruling eQuine's evidentiary objections to Jacoby's TCPA evidence, (4) in sustaining Jacoby's evidentiary objections to eQuine's TCPA evidence and (5) in awarding attorney's fees and costs to Jacoby without making a requisite finding the motion was frivolous or solely to delay. We conclude the trial court has subject-matter jurisdiction over Jacoby's breach of contract claim. We reverse, in part, that portion of the trial court's order awarding Jacoby attorney's fees and costs and remand the issue of attorney's fees and costs to the trial court for a determination as to whether the motion to dismiss was frivolous or solely intended to delay. We otherwise affirm the trial court's order. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### FACTUAL BACKGROUND AS SET FORTH IN JACOBY'S PETITION[2]

In December 2016, Brent Atwood, one of eQuine's Members, requested a personal loan from Jacoby in the amount of $100,000. Jacoby agreed to make the loan, which was evidenced by a Promissory Note (the "Note"). In exchange for the

---

[2] We recognize that eQuine does not agree with many of Jacoby's factual assertions. Ultimately the fact finder will decide whose version of the facts are believable. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

loan, Atwood agreed to give Jacoby and his wife a 10 percent ownership interest in eQuine. Concurrently with Jacoby's funding of the loan, Jacoby and his wife received their ownership interest in eQuine pursuant to the Amended Limited Liability Company Articles of Organization for eQuine ("Amended Articles"), effective on December 20, 2016, which was executed by eQuine's Members. Of import to Jacoby's claim in this case is his reliance on Article 4.8 of the Amended Articles, which provides:

> The Company shall indemnify any person who was or is a party defendant or is threatened to be made a party defendant, pending or completed action, suit or proceeding, whether civil, criminal, administrative, or investigation (other than an action by or in the right of the Company) by reason of the fact that he is or was a Member of the Company, Manager, employee or agent of the Company, or is or was serving at the request of the Company, for instant expenses (***including attorney's fees***), judgments, fines, and amounts paid in settlement actually and reasonably incurred in connection with such action, suit or proceeding if the Members representing 81% or more of the capital interest in the Company as described in Exhibit 2 determine that he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interest of the Company, and with respect to any criminal action proceeding, has no reasonable cause to believe his/her conduct was unlawful. The termination of any action, suit, or proceeding by judgment, order, settlement, conviction, or upon a plea of "no lo contendere" or its equivalent, shall not in itself create a presumption that the person did or did not act in good faith and in a manner which he reasonably believed to be in the best interest of the Company, and with respect to any criminal action or proceeding, had reasonable cause to believe that his/her conduct was lawful.

(emphasis added).

After receiving an ownership interest in eQuine, Jacoby served for a period of time as its Chief Operating Officer ("COO"). As COO, Jacoby was charged with

evaluating private–equity opportunities and soliciting new investors for the company.

On October 2, 2017, eQuine, Atwood, and Jacoby were named as defendants in a lawsuit filed by Thomas Schmidt in Harris County, Texas (the "Schmidt Suit"). Schmidt asserted defamation, misappropriation of trade secrets, and other claims, against the defendants and sought recourse against Jacoby as a co-investor of Schmidt's in two businesses and as an employee, affiliate, or partner of eQuine.

The Members of eQuine agreed that eQuine would pay for the joint defense of eQuine, Atwood and Jacoby in the Schmidt Suit pursuant to Article 4.8 of the Amended Articles. From October 2017 to April 2018, eQuine paid for the representation of Jacoby in the Schmidt Suit. In April 2018, Atwood notified Jacoby that eQuine would no longer pay his legal fees and costs in the Schmidt Suit. Jacoby then hired his own counsel to represent him in the Schmidt Suit and has now incurred fees in connection with that representation.

On November 9, 2018, Jacoby sent a letter to Atwood and eQuine demanding that they comply with their respective obligations under the Note and Amended Articles. They refused to do so, and Jacoby filed suit against them on November 13.[3]

---

[3] While Atwood is a party to the lawsuit, he was not a party to the TCPA motion and is not a party to this appeal. Thus, we limit our discussion to Jacoby's claims concerning eQuine.

## CURRENT SUIT

Jacoby claims eQuine breached the Amended Articles when it failed and refused to indemnify him for his expenses in the Schmidt Suit and seeks declarations that he and his wife have a 10 percent ownership interest in eQuine pursuant to the Amended Articles and are entitled to distributions under the Amended Articles consistent with their ownership interests.

eQuine timely moved to dismiss Jacoby's breach of contract claim under the TCPA, asserting the TCPA applied to Jacoby's indemnity claim because the claim was asserted in direct response to, based on, or is related to a written communication and oral communications pertaining to the Schmidt Suit, which were exercises of eQuine's right to petition and right of free speech[4] and that Jacoby could not establish a prima facie case for each element of his breach of contract claim.

In response, Jacoby asserted that eQuine could not establish by a preponderance of the evidence that the complained of conduct is based on, related to, or in response to eQuine's right to petition or exercise of free speech, and that Jacoby has established by clear and specific evidence a prima facie case for each essential element of his breach of contract claim. In support of his response, Jacoby attached his affidavit and eleven exhibits, three of which are relevant to Jacoby's breach of contract claim against eQuine.

---

[4] During oral argument, eQuine conceded that it cannot establish Jacoby's suit is in response to its right to free speech and that it is relying on its claim the suit is in response to its right to petition.

In May 2019, an associate judge heard and denied eQuine's TCPA motion and evidentiary objections, sustained Jacoby's evidentiary objections to eQuine's evidence, and awarded Jacoby attorney's fees and costs. eQuine perfected a de novo appeal to the district court. Following the de novo hearing, the district court judge affirmed the associate judge's rulings. eQuine then filed its notice of appeal. At the time it did so, the district court had not made any findings in connection with its ruling.

**Applicable Law and Standard of Review**

### I.     Subject-Matter Jurisdiction

In its first issue, eQuine urges the trial court lacks subject-matter jurisdiction over what eQuine characterizes as "Jacoby's premature Indemnity Claims." eQuine did not file a plea to the jurisdiction, did not specially except to Jacoby's pleadings, and did not specifically deny Jacoby's assertion that he has performed all conditions precedent to recovery of his damages, attorneys' fees, and expenses. *See* TEX. R. CIV. P. 54.[5]

Ripeness is an element of subject-matter jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Because subject-matter jurisdiction is essential to the authority of a court to decide a case, it cannot be waived and may

---

[5] Rule 54 provides, "In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party."

be raised for the first time on appeal. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000). Accordingly, notwithstanding eQuine's failure to raise the issue in the trial court, we will address the issue here. Because eQuine did not specifically deny Jacoby's assertion that he performed all conditions precedent, we will consider the averments in Jacoby's pleading in light of controlling authority on the issue of ripeness.

The indemnity provision upon which Jacoby relies indemnifies certain individuals for *instant* expenses (*including attorney's fees*), judgments, fines, and amounts paid in settlement actually and reasonably incurred in connection with certain actions, suits or proceedings, provided a certain membership interest determines the individual acted in good faith.[6] At this juncture, Jacoby seeks to be indemnified for the attorney's fees he has and will incur in connection with the Schmidt Suit.

The Texas Supreme Court has stated that an indemnity claim based on an agreement to indemnify against liabilities has different characteristics than a simple claim for attorney's fees. *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 210 (Tex. 1999). The attorney's fees are certain to be incurred as soon as an attorney is retained, while liabilities covered by an indemnity agreement in any given case may never be incurred depending on the outcome of the case. *Id.* The Texas

---

[6] The full text of the indemnity provision is set forth *supra* at page 3.

Supreme Court noted that this difference is significant. *Id.*

The indemnity provision upon which Jacoby relies does not condition payment of attorney's fees on the outcome of an action, suit, or proceeding. Thus, Jacoby is not precluded from seeking indemnification for his expenses before a final judgment. *Id.* Jacoby's live pleading establishes he has incurred attorney's fees in connection with the Schmidt Suit, that he made demand upon eQuine to indemnify him for the expenses he has incurred, and that eQuine denied his claim for indemnification. Jacoby's breach of contract claim accrued upon eQuine's denial of his request for indemnification and his claim is ripe for decision. *Id.* Consequently, there is subject-matter jurisdiction in this case. Accordingly, we overrule eQuine's first issue.

## II.     Evidentiary Rulings

In its third issue, eQuine claims the trial court erred in overruling its objections to Jacoby's affidavit and, as a result, improperly considered inadmissible evidence when ruling on the motion to dismiss. Many of eQuine's objections concern statements in Jacoby's affidavit that do not relate to the essential elements of Jacoby's claim against eQuine, for which Jacoby had to provide clear and specific evidence if eQuine established the application of the TCPA.[7] Thus, we will limit our discussion here to certain of eQuine's objections to statements that are relevant

---

[7] Several of Jacoby's statements concern his claim against Atwood.

to Jacoby's breach of contract claim.[8]  Before doing so, we must determine what the evidentiary standard is in connection with TCPA hearings and then limit our discussion to the pertinent objections.

Section 27.006(a) provides the rule on permissible evidence in a TCPA hearing.  TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a).  In determining whether a legal action should be dismissed under Chapter 27, the court shall consider the pleadings, evidence a court could consider under Rule 166a of the Texas Rules of Procedure, such as discovery responses, and supporting and opposing affidavits stating the facts on which the liability or defense is based.  *Id.*

A well-developed body of law governs affidavits in the summary judgment context.  The cases interpret Rule 166a(f), which explicitly requires affidavits to be "made on personal knowledge," to "set forth such facts as would be admissible in evidence" and to "show affirmatively that the affiant is competent to testify to the matters stated therein."  TEX. R. CIV. P. 166a(f).  By asserting objections based on, for example, the best-evidence rule and hearsay, it appears eQuine contends the same

---

[8] The relevant statements are contained in paragraphs 3 (Atwood agreed to issue the Jacobys a 10 percent interest in eQuine), 4 (Atwood sent Jacoby the Amended Articles signed by the Members with a notation "Merry Christmas – Partner"), 10 (Jacoby is named a defendant in the Schmidt Suit as a co-investor of Schmidt and an employee, affiliate and/or partner of eQuine), 11 (Members agreed eQuine would pay for the joint defense of the parties in the Schmidt Suit, finding of good faith actions), 12 (eQuine paid legal fees and costs between October 2017 and April 2018), 13 (Atwood orally notified Jacoby in April 2018 eQuine would no longer pay fees in the Schmidt Suit), 16 (Jacoby has paid $20,000 in legal fees in connection with the Schmidt Suit), and 17 (Jacoby sent a letter dated November 9, 2018, demanding that eQuine indemnify him in the Schmidt Suit under the Amended Articles and eQuine failed and refused to do so).

law applies here. The text of the TCPA, however, does not have corresponding language to Rule 166a(f) describing its affidavit requirements.

We follow our sister court in declining to apply wholesale the summary judgment affidavit cases here.[9] *See MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 192 (Tex. App.—El Paso 2017, no pet.). Like our sister court, we are confident that the "clear and specific" standard in the TCPA at least requires us to reject conclusory claims made by an affiant. *See In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). The text of the TCPA itself requires that "affidavits stat[e] the facts upon which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). A statement is conclusory if it provides a conclusion but no underlying facts in support of the conclusion. *See Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied).

eQuine objected to paragraphs 5, 6, 9, 10, 11, 12 and 16 of Jacoby's affidavit as conclusory, unsupported and not based on personal knowledge. Of these identified paragraphs only paragraphs 10, 11, 12, and 16 are pertinent to our decision in this interlocutory appeal.[10]

---

[9] In doing so we note that in the TCPA context, unlike the summary-judgment context, the trial court may consider the pleadings. Thus, the TCPA requirements are not synonymous or on par with the requirements in summary-judgment practice.

[10] Paragraph 5 concerns profit distributions to eQuine Members, paragraph 6 concerns periodic distributions the Jacobys received from eQuine, and paragraph 9 recounts a communication from Atwood to Jacoby relaying that the Board decided to remove Atwood and Jacoby as officers of the company.

In paragraph 10, Jacoby states he has been named as a defendant in the Schmidt Suit as a co-investor of Schmidt and an employee, affiliate or partner of eQuine. Clearly, because Jacoby is a party to that suit, he has personal knowledge of his having been named a defendant in that suit. In addition, Jacoby attached to his affidavit the second amended petition in the Schmidt Suit identifying Jacoby as a co-investor of Schmidt in two businesses and as an employee, affiliate and/or partner in eQuine. Thus, Jacoby's statements in paragraph 10 are not conclusory, and they are supported and are based on personal knowledge. In paragraph 11, Jacoby states the Members of eQuine agreed eQuine would pay for the joint defense of the parties in the Schmidt Suit, and that in doing so they found he acted in good faith. Jacoby established he and his wife are Members of eQuine with a 10 percent ownership interest, Atwood is a Member with a 70 percent ownership interest and John C. Cooley III is a Member with a 20 percent ownership interest. As a Member, Jacoby has personal knowledge of member agreements and his conclusion of a good faith finding is supported by the agreement to indemnify. In paragraph 12, Jacoby states eQuine paid legal fees and costs between October 2017 and April 2018. eQuine concedes this fact but claims it did so in error. In paragraph 13, Jacoby states Atwood orally notified him in April 2018 that eQuine would no longer pay fees in the Schmidt Suit. Jacoby is simply restating a verbal communication to which he was a party and thus has personal knowledge. In paragraph 16, Jacoby states he has paid $20,000 in legal fees in connection with the Schmidt Suit. This is a statement

–11–

of fact based upon his own actions. We conclude these complained of statements are assertions of fact, or conclusions arrived at upon a reasonable basis, and are based upon a demonstrated personal knowledge of Jacoby. Accordingly, we overrule eQuine's third issue.

In its fourth issue, eQuine claims the trial court erred in sustaining Jacoby's objections to the evidence it offered in connection with its TCPA motion. Because, as discussed *infra*, we assume without deciding eQuine met its burden to establish the application of the TCPA to Jacoby's breach of contract claim and because, in determining whether Jacoby met his burden of establishing a prima facie case, we consider only the pleadings and evidence in favor of the nonmovant's case, we pretermit discussion of eQuine's fourth issue complaining about the trial court's ruling on the evidence it presented.[11] TEX. R. APP. P. 47.1; *Moldovan v. Polito*, No. 05–15–01052–CV, 2016 WL 4131890, at *5 (Tex. App.—Dallas Aug. 2, 2016, no pet.) (mem. op.).

## III. TCPA

In its second issue, eQuine contends the trial court erred in denying its TCPA Motion. Chapter 27 of the Texas Civil Practice and Remedies Code is an "anti-SLAPP statute," meaning that the legislature enacted it to curb "strategic lawsuits

---

[11] eQuine did not attempt to establish a defense to Jacoby's claim. Thus, our inquiry ends with a determination as to whether Jacoby presented clear and specific evidence of each essential element of his claim.

–12–

against public participation." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 868 (Tex. App.—Dallas 2014, no pet.). Its main feature is a motion-to-dismiss procedure that allows defendants at an early stage to seek dismissal, attorney's fees, and sanctions for the filing of a meritless suit in response to a defendant's proper exercise of a protected right. *Apple Tree Café Touring, Inc. v. Levatino*, No. 05-16-01380-CV, 2017 WL 3304641, at *2 (Tex. App.—Dallas Aug. 3, 2017, pet. denied) (mem. op.).

A Chapter 27 movant bears the initial burden of showing by a preponderance of the evidence "that the legal action is based on, relates to, or is in response to the party's exercise of the right of free speech, the right to petition,[12] or the right of association." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b).[13] If the movant carries his or her initial burden, the nonmovant must then establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Notwithstanding the nonmovant's proof of a prima facie case, however, the court shall dismiss a legal action against the movant if the movant establishes by a preponderance of the evidence each essential element of a valid

---

[12] The right to petition refers to a wide range of communications relating to judicial, administrative or other governmental proceedings. *See In re Lipsky*, 460 S.W.3d 579, 586 n.5 (Tex. 2015).

[13] The amendments effective September 1, 2019 are inapplicable to this case, so the discussion in this opinion is limited to the statute in effect at the time the case was filed. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687 ("A legal action filed before the effective date of this Act [September 1, 2019] is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose.").

defense to the nonmovant's claim. *Id.* § 27.005(d). "We review de novo the trial court's determinations that the parties met or failed to meet their burdens of proof under section 27.005." *Watson v. Hardman*, 497 S.W.3d 601, 605 (Tex. App.—Dallas 2016, no pet.).

eQuine contends it met its burden to show the applicability of the TCPA because it proved Jacoby's suit was in response to its right to petition. Jacoby, on the other hand, argues the TCPA does not apply.

We need not address the applicability of the TCPA to Jacoby's claim against eQuine, however, because, even assuming without deciding the TCPA applies, the record before us establishes that Jacoby has met his burden to establish by clear and specific evidence a prima facie case for each element of his breach of contract claim against eQuine and that eQuine did not attempt to establish a valid defense to the claim.

A "prima facie case" refers to "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d at 590. "Clear and specific evidence" of each essential element of a claim is more than "mere notice pleading." *Id.* Instead, a plaintiff must "provide enough detail to show the factual basis for its claim." *Id.* at 590–91.

The TCPA's requirement of proof by clear and specific evidence does not "impose an elevated evidentiary standard," does not "categorically reject circumstantial evidence," and does not "impose a higher burden of proof than that

–14–

required of the plaintiff at trial." *Id.* at 591. Instead, the standard is met when the plaintiff, for each essential element of her claim, provides the "minimum quantum" of "unambiguous," "explicit" evidence "necessary to support a rational inference that the allegation of fact is true." *Id.* at 590.

When determining whether the nonmovant presented a prima facie case, we consider only the pleadings and evidence in favor of the nonmovant's case. *Moldovan*, 2016 WL 4131890, at *5. We do not consider whether the movant presented evidence rebutting the nonmovant's case; such evidence is appropriate in determining a defendant's motion for summary judgment or at trial but not in determining whether the nonmovant presented a prima facie case. *Id.* In accordance with *Lipsky*, we review the record to determine whether Jacoby provided, for each essential element of his claim, the "minimum quantum" of "unambiguous," "explicit" evidence "necessary to support a rational inference that the allegation of fact is true." *Lipsky*, 460 S.W.3d at 590.

Jacoby pleaded a cause of action for breach of an indemnification agreement. Claims for breach of an indemnity agreement are analyzed using the same elements as breach of contract claims. *Expro Ams., LLC v. Sanguine Gas Expl., LLC*, 351 S.W.3d 915, 920 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Accordingly, Jacoby had to prove: (1) the formation of a valid agreement, (2) performance by Jacoby (3) breach by eQuine, and (4) Jacoby's damages resulting from the breach. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843 (Tex. 2018).

–15–

As to the existence of an agreement between eQuine and Jacoby, Jacoby presented the Amended Articles, identifying the Members of eQuine as Atwood, John C. Cooley III, and the Jacobys. Jacoby averred that Atwood sent him the fully executed Amended Articles with a notation, "Merry Christmas – Partner." The Amended Articles contain the indemnity agreement upon which Jacoby relies. The indemnity provision provides, in part, for the payment of attorney's fees to a person who is a party defendant by reason of the fact that he is or was a Member of the company, Manager, employee or agent of the company if those fees were reasonably incurred in connection with the suit and if 81 percent of the membership interest determines the person acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interest of the Company.

eQuine contends Jacoby failed to present evidence of a valid agreement because he did not prove that he and his wife made the $10 capital contribution identified in the Amended Articles. eQuine's contention is without merit because Exhibit 3 to the Amended Articles, contains a Capital Contribution form signed by all of the Members documenting each Member's initial contribution. Moreover, Jacoby pleaded he performed all conditions precedent to his right to recover damages. eQuine did not specifically deny this assertion, so Jacoby was under no obligation to establish payment of the capital contribution. *See* TEX. R. CIV. P. 54; *Cmty. Bank & Trust, S.S.B. v. Fleck*, 107 S.W.3d 541, 542 (Tex. 2002) ("Absent a specific denial [by defendant], [plaintiff] was relieved of the burden of proving that

conditions precedent to recovery had been met."). We conclude Jacoby presented clear and specific evidence of the formation of a valid agreement.

As to performance, or application of the indemnity provision to the Schmidt Suit, Jacoby established that he was a Member of eQuine when Schmidt filed his suit, that he was named a party to the Schmidt Suit, in part,[14] because he was an employee, affiliate or partner of eQuine. In addition, Jacoby averred that all of the Members agreed that eQuine would pay for the joint defense of eQuine, Atwood, and Jacoby in the Schmidt Suit. In addition, Jacoby averred that eQuine did in fact pay for his attorney's fees and costs in connection with the Schmidt Suit from October 2017 to April 2018. These statements are clear and specific evidence that Jacoby was entitled to indemnification under the agreement. Moreover, the record shows Jacoby pleaded that he had performed all conditions precedent to the recovery of damages, attorney's fees and expense and eQuine did not specifically deny that any conditions precedent had occurred, thus, notwithstanding our conclusion Jacoby met his burden with respect to the second essential element of his breach of contract claim, Jacoby was not required to present clear and specific evidence of same.

As to breach of the agreement, Jacoby established that eQuine stopped paying his attorney's fees and costs in connection with the Schmidt Suit in April 2018, that he sent a letter to eQuine on November 9, 2018, demanding that it indemnify and

---

[14] Schmidt also sued Jacoby as a co-investor with Schmidt in two businesses.

–17–

defend him in the Schmidt Suit and that it refused to do so. We conclude this is clear and specific evidence of eQuine's breach of the agreement.

As to damages, Jacoby established that as a result of eQuine terminating payment for his defense in the Schmidt Suit, he was forced to hire counsel to represent him in that suit, he has incurred legal expenses of $20,000 therewith, and additional fees will be incurred as the case continues. This is clear and specific evidence of damages.

Because Jacoby presented clear and specific evidence of each essential element of his breach of contract claim, he established a prima facie case, warranting denial of eQuine's TCPA motion. We overrule eQuine's second issue.

## IV. Attorney's Fees

In its final issue, eQuine asserts the trial court erred in awarding Jacoby attorney's fees and costs without making either of the requisite section 27.009(b) findings. If the trial court finds that a motion to dismiss filed under Chapter 27 is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b). The record before us does not show that the trial court found the motion to dismiss was frivolous or solely intended to delay. Accordingly, we sustain eQuine's fifth issue, and remand the issue of attorney's fees and costs to the trial court for a determination as to whether eQuine's motion was frivolous or solely intended to delay. *See Levatino*, 2017 WL 3304641, at *9 (citing *Fawcett v. Grosu*,

–18–

498 S.W.3d 650, 666 (Tex. App.–Houston [14th Dist.] 2016, pet. denied)).

We reverse, in part, that portion of the trial court's order awarding Jacoby attorney's fees and costs, and remand the attorney's fees and costs issue to the trial court to determine whether eQuine's motion was frivolous or solely intended to delay. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b). We otherwise affirm the trial court's order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190758F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EQUINE HOLDINGS, LLC,
Appellant

No. 05-19-00758-CV     V.

MICHAEL JACOBY, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-18005.
Opinion delivered by Justice
Schenck. Justices Whitehill and
Evans participating.

In accordance with this Court's opinion of this date, the order of the trial court on appellant's TCPA motion is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order awarding Jacoby attorney's fees and costs and **REMAND** the issue of attorney's fees and costs to the trial court for a determination as to whether the motion to dismiss was frivolous or solely intended to delay. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellee MICHAEL JACOBY recover his costs of this appeal from appellant EQUINE HOLDINGS, LLC.

Judgment entered this 30th day of April, 2020.