**Affirmed in Part, Reversed in Part, and Remanded; and Memorandum Opinion filed February 28, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00379-CV

---

### PRIORITY ONE TITLE, LLC, Appellant

### V.

### LORETTA ISABEL ANDRADO, Appellee

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2014-56068**

---

### MEMORANDUM OPINION

To facilitate the sale of appellee Loretta Isabel Andrado's real property to a third-party buyer, she deposited funds with appellant Priority One Title, LLC pursuant to an escrow agreement whereby Priority One would return the funds to Andrado when the property was no longer subject to a specific mechanic and materialman's lien. Andrado obtained a judgment declaring the lien void, but Priority One did not return Andrado's deposit. So, Andrado sued Priority One and

asserted claims for breach of contract, breach of fiduciary duty, and money had and received. She also sought attorney's fees and exemplary damages. The trial court granted Andrado a final summary judgment on all her claims, awarding compensatory damages, exemplary damages, costs, and attorney's fees.

Priority One challenges the trial court's judgment in six issues, contending that the court erred because (1) Andrado's motion for summary judgment was untimely under a docket control order; (2) the pleadings and evidence did not support a breach of contract claim; (3) Andrado failed to prove her claim for breach of fiduciary duty; (4) Andrado failed to prove her claim for exemplary damages; (5) Andrado failed to prove her claim for money had and received; and (6) Andrado failed to prove that she was entitled to attorney's fees.

We overrule Priority One's first, second, and sixth issues, sustain the fourth issue, and do not address the third and fifth issues. We affirm the trial court's summary judgment on the contract claim and for attorney's fees, but we reverse the judgment regarding Andrado's non-contractual claims, and we remand for further proceedings.

## I.    SUMMARY JUDGMENT STANDARD OF REVIEW

A plaintiff may, at any time after the defendant has appeared or answered, move for a summary judgment in their favor upon all or any part of their claims. *See* Tex. R. Civ. P. 166a(a). A trial court must grant a motion for summary judgment if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. *Draughon v. Johnson*, 631 S.W.3d 81, 87 (Tex. 2021) (citing Tex. R. Civ. P. 166a(c)). "A plaintiff moving for summary judgment must conclusively establish all essential elements of its cause of action as a matter of law." *Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d

2

653, 658 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see Draughon*, 631 S.W.3d at 87–88. A defendant's failure to file a response cannot supply by default the proof necessary to establish the movant's right to summary judgment. *Draughon*, S.W.3d at 88.

We review a trial court's summary judgment de novo. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* The evidence is conclusive only if reasonable people could not differ in their conclusions. *Universal MRI*, 497 S.W.3d at 658 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005)).

## II. ISSUE 1: TIMELINESS OF SUMMARY JUDGMENT MOTION

In its first issue, Priority One contends that the trial court erred by "granting the motion for summary judgment in violation of Tex. R. Civ. Proc. 191.1, as the Appellee did not receive the agreement of the Appellant to file her motion nor did Appellee obtain a court order for good cause amending the docket control order." Within this issue, Priority One also contends that the trial court's action of granting a motion for summary judgment "without proper notice of amendment to the [docket control order] violates the Appellant's right to due process."

### A. Background

In March 2018, the trial court signed a docket control order setting a deadline in July 2018 for the hearing of summary judgment motions. The trial was set to begin in September 2018. The court signed five orders resetting the trial. The final one set the trial for May 2021. In each order, the court recited, "All previous pre-trial deadlines remain in effect, unless changed by the court."

3

In March 2021, Andrado filed a traditional motion for summary judgment on each of her claims against Priority One. A few weeks later, Priority One filed its special exceptions to the summary judgment, motion to strike, and motion for continuance of submission of the motion for summary judgment. Priority One argued that Andrado's motion was untimely under the docket control order and requested that Andrado file a motion for leave or motion to amend the docket control order before Priority One would file a response to the motion for summary judgment. Priority One did not file a response to the motion for summary judgment.

The trial court granted the summary judgment without expressly denying Priority One's motion. Priority One file a motion for new trial, which the trial court denied.

## B.    No Preservation

As a prerequisite to presenting a complaint on appeal for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint unless the specific grounds were apparent from the context. *See* Tex. R. App. P. 33.1(a). To preserve error, a party's argument on appeal must comport with its argument in the trial court. *Wolfhart v. Holloway*, 172 S.W.3d 630, 639–40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). An objection is timely if it is asserted at the earliest opportunity or interposed at a point in the proceedings when the trial court has an opportunity to cure any alleged error. *Yetiv v. Comm'n for Lawyer Discipline*, No. 14-17-00666-CV, 2019 WL 1186822, at *3 (Tex. App.—Houston [14th Dist.] Mar. 14, 2019, no pet.) (mem. op.); *Gabel v. Gabel-Koehne*, 649 S.W.3d 590, 596 (Tex. App.—Houston [1st Dist.] 2022, no pet.). A complaint is not timely when

4

made for first time in a motion for new trial if the complaint could have been urged earlier. *Yetiv*, 2019 WL 1186822, at *3; *accord In re A.E.*, No. 02-18-00124-CV, 2018 WL 3763928, at *3 n.2 (Tex. App.—Fort Worth Aug. 9, 2018, no pet.) (mem. op.); *Farokhnia v. Farokhnia*, No. 05-09-01541-CV, 2011 WL 1467918, at *3 (Tex. App.—Dallas Apr. 19, 2011, no pet.) (mem. op.); *Matbon, Inc. v. Gries*, 288 S.W.3d 471, 490 (Tex. App.—Eastland 2009, no pet.); *Hoxie Implement Co., v. Baker*, 65 S.W.3d 140, 145 (Tex. App.—Amarillo 2001, pet. denied).

Although Priority One raised its complaint about Rule 191.1 in its motion for new trial, Priority One did not mention Rule 191.1, the absence of an agreement, or any requirement that there be good cause to amend the docket control order when Priority One filed its motion for special exceptions, to strike, and for continuance. Instead, Priority One asked only that Andrado obtain leave to file the motion for summary judgment or that the trial court amend the docket control order. Thus, any issue regarding compliance with Rule 191.1, the lack of an agreement among the parties, or the necessity for good cause are not preserved for appeal.

## C. No Error

Construing Priority One's issue on appeal liberally to include the complaints made in its prejudgment motion, *see* Tex. R. App. P. 38.1(f), 38.9, we next consider whether the trial court erred by granting the motion for summary judgment without first requiring Andrado to file a motion for leave or amending the docket control order.

Trial courts have inherent power to control their dockets and to change or modify their docket control orders. *Guerrero v. Mem'l Turkey Creek, Ltd.*, No. 09-00237-CV, 2011 WL 3820841, at *3–4 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.). A trial court does not abuse its discretion by allowing a

summary judgment motion to be filed after the deadline set in the court's docket control order. *See Choucroun v. Sol L. Wisenberg Ins. Agency–Life & Health Div., Inc.*, No. 01-03-00637-CV, 2004 WL 2823147, at \*1–2 (Tex. App.—Houston [1st Dist.] Dec. 9, 2004, no pet.) (mem. op.). By ruling on Andrado's motion for summary judgment, the trial court implicitly modified the docket control order. *See Trevino v. Trevino*, 64 S.W.3d 166, 170 (Tex. App.—San Antonio 2001, no pet.).

Thus, the trial court did not abuse its discretion by not requiring Andrado to file a motion for leave or by not signing an amended docket control order before ruling on the motion for summary judgment. Priority One's reliance on *Sprague v. Sprague*, 363 S.W.3d 788 (Tex. App.—Houston [14th Dist.] 2012, pet. denied), is unconvincing. In *Sprague*, this court held that a trial court did not abuse its discretion by striking a late expert report. *See id.* at 800. Priority One cites no case holding that a trial court abuses its discretion by allowing a motion to be filed after a deadline set in a docket control order.

## D.     Briefing Waiver of Due Process Complaint

Priority One contends that allowing the trial court to amend its docket control order "without proper notice" to Priority One violates its right to due process. Priority One cites no authority for this contention and does not make a clear and concise argument about how its right to due process was violated. *See* Tex. R. App. P. 38.1(i). Accordingly, any due process complaint is waived. *See Gunn v. McCoy*, 554 S.W.3d 645, 677 (Tex. 2018) ("Every issue presented by a party must be supported by argument and authorities in the party's brief on the merits, or it is waived."); *Canton-Carter v. Baylor Coll. Of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite to legal

authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

## E.     No Harm

Finally, even if we assume the trial court should have required Andrado to file a motion for leave or should have expressly signed an amended docket control order, Priority One has not shown how any error probably caused the rendition of an improper judgment or prevented Priority One from presenting its case on appeal, as required for reversal. *See* Tex. R. App. 44.1(a)(1). Priority One did not attempt to file a late response to the motion for summary judgment. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002) (noting that a party may file a motion for continuance or motion for leave to file a late response to a motion for summary judgment).[1] Nor did Priority One attach any evidence to its motion for new trial to demonstrate a genuine issue of material fact regarding Andrado's claims. *Cf. Prestige Ford Co. v. Gilmore*, 56 S.W.3d 73, 77 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (noting, under the *Craddock* standard sometimes applied when a nonmovant fails to respond to a motion for summary judgment, the nonmovant's motion for new trial must contain proof sufficient to raise a material question of fact). Without Priority One demonstrating a genuine issue of material fact—either in a late-filed response to the motion for summary judgment or in its motion for new trial—any procedural irregularity in this case could not have caused harm requiring reversal of the judgment.

For these reasons, Priority One's first issue is overruled.

---

[1] Priority One does not complain on appeal about the trial court's implicit denial of its unverified motion for continuance.

### III. ISSUE 2: SUMMARY JUDGMENT ON BREACH OF CONTRACT

In its second issue, Priority One contends that Andrado's pleadings and evidence do not show that she complied with all provisions of the escrow agreement to entitle her to return of her deposit. Priority One contends further that Andrado's evidence shows a fact issue, that Andrado "is liable to [Priority One] for reasonable attorneys fees and costs arising from the present lawsuit," and that Priority One's motion for new trial should have been granted because Priority One satisfied the *Craddock* test.

### A. Multifarious Issue

Priority One's second issue is multifarious because it embraces more than one specific ground. *See Burns v. White*, No. 14-20-00646-CV, 2022 WL 2311621, at *3 (Tex. App.—Houston [14th Dist.] June 28, 2022, no pet.) (mem. op.). Although we may disregard and refuse to consider it, we will address it to the extent we can determine with reasonable certainty the alleged error about which Priority One complains. *Id.*; *Garden Ridge, L.P. v. Clear Lake Ctr., L.P.*, 504 S.W.3d 428, 444 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

### B. Standards for Contract Interpretation

The construction of a contract presents a question of law that we review de novo. *Sundown Energy LP v. HJSA No. 3, L.P.*, 622 S.W.3d 884, 888 (Tex. 2021). Our primary concern is to give effect to the written expression of the parties' intent. *Id.* We avoid construing contracts in a way that renders contract language meaningless. *Id.*

8

## C.     Sections 4 and 6

Priority One contends that Andrado did not prove her right to return of the deposit because Andrado did not show that she complied with a "six month deadline required by section 4" of the escrow agreement.

### 1.     *Background*

In her motion for summary judgment, Andrado argued that she fulfilled all her contractual obligations because the lien was discharged and Priority One breached the contract by failing to return her deposit.  The relevant sections of the escrow agreement provide:

> 4.  Escrow Agent is to hold the funds in escrow in anticipation of a satisfactory release from Secured Party, or, in the alternative, receipt of certified copy of order from a court of competent jurisdiction declaring the Lien to invalid and unenforceable.
>
> 5.  If Depositing Party completes the contingencies referred to in paragraph 4 of this Agreement during the time specified in this Agreement, Escrow Agent is instructed to disburse all of the funds directly to Depositing Party.
>
> 6.   The contingencies required of Depositing Party must be fully performed within six (6) months from the Date of this Agreement.  If all contingencies are not fully performed within that time, Escrow Agent will secure a release from Secured Party, and by so doing Escrow Agent shall disburse all of the funds to Secured Party necessary to obtain such release.  In addition, Escrow Agent shall be able to deduct from the Escrow Funds all reasonable and necessary costs incurred in securing said release, including without limitation, attorneys' fees and court costs.  If the Escrow Funds deposited with the Escrow Agent are insufficient to obtain release or discharge of the Lien, including attorneys fees, costs and all other expenses, the Depositing Party, upon demand by the Escrow Agent, shall advance to the Escrow Agent all such funds, as, in the sole discretion of the Escrow Agent, may be necessary to obtain such release or discharge.  Further, after the expiration of the six months, the depositing party hereby authorizes and empowers the escrow agent in advance to pay

any sums necessary to obtain a release, discharge, or satisfaction of the Lien. Further, in the event that the escrow agent is required to retain counsel to discharge the Lien, Escrow Agent shall have the right to select and approve any and all counsel. **When, in the sole opinion of the Escrow Agent, the title to the property is no longer subject to the Lien, the Escrow Agent agrees to return to the Depositing Party the remaining portion of the Escrow Funds**, if any, deposited with the escrow agent, except for the portion which may have been used as provided herein, but, in doing so, it is without any express or implied release of the obligations of Depositing Party.

(emphasis added)

The date of the escrow agreement is March 26, 2014. Andrado testified in her affidavit that she obtained a summary judgment against the secured party on April 28, 2016. She attached as evidence certified copies of the partial summary judgment order and the final judgment declaring the lien void.

## 2. *Analysis*

Priority One appears to contend that Andrado had no right to return of her deposit after the expiration of the six-month term mentioned in Section 6. However, Section 6 makes clear that Andrado's right to return of the funds does not expire after six months. The six-month deadline merely allows Priority One to take matters into its own hands to obtain a release, discharge, or satisfaction of the lien. Priority One ignores the language emphasized above: that when the title to the property is no longer subject to the lien, Priority One "agrees to return to the Depositing Party the remaining portion of the Escrow Funds."

Andrado adduced conclusive evidence that the parties entered into a valid contract, the property is no longer subject to the lien, Priority One had a duty to return Andrado's deposit, Priority One failed to return the deposit, and Andrado sustained damages in the amount of the deposit. *See generally Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019) (elements of

10

breach of contract).  Reading Sections 4 through 6 of the escrow agreement in harmony, Andrado's evidence conclusively established Priority One's breach of the agreement.

**D.    Sections 7 and 12**

Priority One contends that Andrado did not prove her right to return of the deposit because she did not prove that she complied with Section 7 of the escrow agreement to provide a "letter of instruction" to Priority One in the formal method of notice required by Section 12.

*1.    Background*

Section 7 of the escrow agreement provides:

> 7.  Escrow Agent agrees to hold the funds in accordance with the provisions of this Agreement.  Furthermore, in determining whether or not the contingencies required of Depositing Party have been timely performed in accordance with the provisions of this Agreement, Depositing Party covenants and agrees with Escrow Agent to deliver a letter of instruction to Escrow Agent directing the disbursement of the funds to the party entitled thereto.  If Depositing Party fails to deliver such letter of instruction and the items required in paragraph 4, Escrow Agent shall be under no obligation to disburse any of the funds.

Section 12 of the escrow agreement requires that notices be in writing and describes the different methods of service available for delivering notice.

In her live petition, Andrado pleaded that she "fulfilled all of her contractual obligations" required for Priority One to release the deposit, so Priority One's failure to do so was a material breach of the escrow agreement.

In its live answer, Priority One alleged that Andrado had "not performed those actions necessary under the agreement to be entitled to the monies being held

11

by Defendant," but Priority One did not identify any specific actions that Andrado failed to perform.

### 2.  Analysis

We understand Priority One's argument to be that Andrado failed to prove that she complied with the "letter of instruction" requirement of Section 7 by one of the methods for notice detailed by Section 12, and thus, Andrado failed to prove her performance of a condition precedent.

Assuming without deciding that Section 7 created a condition precedent to Priority One's duty to return the deposit to Andrado, whether Andrado was required to prove for purposes of summary judgment the performance of the condition depends on the pleadings.  Rule 54 of the Texas Rules of Civil Procedure sets the standard:

> In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred.  When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.

Tex. R. Civ. P. 54; *see also Cmty. Bank & Trust, S.S.B. v. Fleck*, 107 S.W.3d 541, 542 (Tex. 2002).

The allegation in Andrado's petition that she "fulfilled all of her contractual obligations" was sufficient to plead the performance of all conditions precedent. *See Larcon Petrol., Inc. v. Autotronic Sys., Inc.*, 576 S.W.2d 873, 877 (Tex. App.—Houston [14th Dist.] 1979, no writ).  Priority One failed to specifically deny the performance of a condition precedent regarding Section 7 of the escrow agreement or a letter of instruction.  Thus, Andrado was not required to prove

12

performance of the condition to obtain a summary judgment. *See Cmty. Bank*, 107 S.W.3d at 542.

### E.  Immaterial Fact Issue

Priority One appears to contend that there is a genuine issue of material fact because Andrado's evidence is "contradictory." Priority One points to Andrado's affidavit testimony that Priority One "demanded that I sign the agreement," but the escrow agreement states that Andrado "has requested to deposit the amount of $21,477.27 with Escrow Agent."

"A motion for summary judgment cannot be defeated by the existence of an immaterial fact issue." *Harris Cnty. v. Ochoa*, 881 S.W.2d 884, 889 (Tex. App.—Houston [14th Dist.] 1994, writ denied). A fact is "material" if it affects the ultimate outcome of the lawsuit under the governing law. *Horie v. Law offices of Art Dula*, 560 S.W.3d 425, 434 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Whether Priority One "demanded" the deposit or Andrado "requested" the deposit is not a material fact issue for purposes of Andrado's claim that Priority One breached the escrow agreement by failing to return her deposit after the lien was declared void.

### F.  Liability of Andrado

Priority One contends that Andrado "is liable to Appellant for reasonable attorneys fees and costs arising from the present lawsuit wherein Appellee prematurely joined Appellant." In the prayer section of its brief, Priority One asks this court to remand "for a determination of the Appellant's damages that accrued under the Agreement."

Priority One pleaded its entitlement to contractual attorney's fees and costs, but Priority One did not move for summary judgment, and this appeal is only from

the granting of Andrado's motion for summary judgment. Thus, we decline to reach this issue.

## G. *Craddock*

Finally, Priority One contends that its failure to file a response to the motion for summary judgment was the result of an accident or mistake rather than intentional or the result of conscious indifference, citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939).

"*Craddock* does not apply to a motion for new trial filed after judgment has been granted on a summary-judgment motion to which the nonmovant failed to timely respond when the movant had an opportunity to seek a continuance or obtain permission to file a late response." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002). Because Priority One had an opportunity to seek a continuance or leave to file a late response, this court would err by applying *Craddock*. *Id.*

For these reasons, Priority One's second issue is overruled.

## IV. ISSUE 6: ENTITLEMENT TO ATTORNEY'S FEES

In its sixth issue, Priority One contends that Andrado was not entitled to attorney's fees because she failed to "provide evidence that she has fully complied with the terms of the subject escrow agreement, as discussed hereinabove." Priority One does not dispute that the escrow agreement allows a prevailing party to recover fees, nor does Priority One challenge the evidence supporting the amount of fees.

Because we have overruled Priority One's first and second issues regarding Andrado's entitlement to summary judgment on her claim for breach of contract,

14

and we affirm the judgment in that regard, we also overrule Priority One's sixth issue challenging the award of attorney's fees.

## V.  ISSUE 4: EXEMPLARY DAMAGES

In its fourth issue, Priority One contends that Andrado failed to offer evidence to conclusively prove Priority One's malice or intent to defraud as required to recover exemplary damages. We agree with Priority One.

## A.  Background

In the part of her motion for summary judgment on the claims for breach of fiduciary duty and money had and received, Andrado also requested exemplary damages under Section 41.003(a) of the Civil Practice & Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 41.003(a). She alleged that Priority One's "malice toward Plaintiff is evidenced by its continuous refusal to release the funds despite the fact that almost three (3) years have elapsed since the Court entered judgment declaring the lien void. Priority One is defrauding Plaintiff of the monies rightfully owed to her by refusing to release the funds." Andrado claimed, "Priority One's failure to release the funds after three years is inexcusable and is direct evidence of their malice toward Plaintiff and intent to defraud, which entitles her to exemplary damages against Priority One." In her affidavit, Andrado testified, "Although I have brought a lawsuit and made a claim for release of the funds held by Priority One, to date, the funds have not been received by me."

The trial court recited in its final summary judgment: "The Court specifically finds that such conduct was done with malice and the intent to defraud Plaintiff, which entitles her to exemplary damages." The trial court awarded $10,000 in exemplary damages. In its motion for new trial, Priority One argued among other things that Andrado's evidence was insufficient to prove exemplary

15

damages because the evidence did not conclusively prove that (1) Priority One acted with fraud, malice, or gross negligence, or (2) Priority One had a specific intent to cause an injury to Andrado that was independent and qualitatively different from the harms associated with the underlying claims.

## B.      Legal Principles for Exemplary Damages

Under Section 41.003, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; malice; or (3) gross negligence."  Tex. Civ. Prac. & Rem. Code § 41.003(a). Generally, "the determination of whether to award exemplary damages and the amount of exemplary damages to be awarded is within the discretion of the trier of fact." *Id.* § 41.010(b).

Exemplary damages are a type of unliquidated damages.  *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012); *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 872 (Tex. App.—Houston [1st Dist.] 1995, no writ).[2]  Rarely, if ever, should unliquidated damages be awarded in a summary judgment.  *See, e.g.*, *Okorafor*, 2010 WL 1343125, at *3 ("By contrast, unliquidated damages . . . should not be awarded in summary-judgment proceedings."); *Kennedy v. Aattaboy Termite & Pest Control, Inc.*, No. 09-19-00019-CV, 2021 WL 1567225, at *3 (Tex. App.—Beaumont Apr. 22, 2021, no pet.) (mem. op.) ("And since unliquidated damages are not susceptible to conclusive evidence that shows how much the award should be, parties who move

---

[2] Damages are liquidated if the amount may be accurately calculated from the allegations in the petition and a written instrument.  *Okorafor v. Lewis*, No. 14-08-00130-CV, 2010 WL 1343125, at *3 (Tex. App.—Houston [14th Dist.] Apr. 6, 2010, no pet.) (mem. op.).  Damages that do not fit within that category are unliquidated.  *Id.*

for a traditional summary judgment on an unliquidated damages claim are generally not entitled to prevail.").

Although exemplary damages may not be awarded for a breach of contract, they may be awarded for torts such as breach of fiduciary duty. *See Brewer & Pritchard, P.C. v. AMKO Res. Int'l, LLC*, No. 14-13-00113-CV, 2014 WL 3512836, at \*6–8 (Tex. App.—Houston [14th Dist.] July 15, 2014, no pet.); *Murphy v. Canion*, 797 S.W.2d 944, 949 (Tex. App.—Houston [14th Dist.] 1990, no writ). And exemplary damages may be awarded on an equitable claim for money had and received. *Compare Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 905 (Tex. 1985) (exemplary damages are recoverable for equitable claims), *with Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 302 n.4 (Tex. 2015) ("A claim for 'money had and received' is equitable in nature."); *see also Briggs v. Rodriguez*, 236 S.W.2d 510, 514–16 (Tex. App.—San Antonio 1951, writ ref'd n.r.e.).

To recover exemplary damages based on a breach of fiduciary duty, the plaintiff must prove an "intentional" breach. *See Murphy*, 797 S.W.2d at 949; *see also Bombadier Aerospace Corp. v. SPEP Aircraft Holdings*, LLC, 572 S.W.3d 213, 231 (Tex. 2019). An "'intentional' breach means that the party holding the fiduciary duty 'intended to gain an additional unwarranted benefit.'" *Bombadier Aerospace*, 572 S.W.3d at 231 (quoting *Brosseau v. Ranzau*, 81 S.W.3d 381, 396 (Tex. App.—Beaumont 2002, pet. denied)). For example, a breach is intentional if the fiduciary engaged in self-dealing. *Murphy*, 797 S.W.2d at 949.

To recover exemplary damages based on malice, the plaintiff must prove the defendant's outrageous, malicious, or otherwise reprehensible conduct. *Horizon Health Corp. v. Acadia Healthcare Co.*, 520 S.W.3d 848, 867 (Tex. 2017). "Malice" means the "specific intent by the defendant to cause substantial injury or

17

harm to the claimant." Tex. Civ. Prac. & Rem. Code § 41.001(7). The plaintiff must prove that the defendant intended for the plaintiff "to suffer substantial injury that was 'independent and qualitatively different' from the compensable harms associated with the underlying causes of action." *Horizon Health*, 520 S.W.3d at 867 (quoting *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 662 (Tex. 2012)). For exemplary damages, a court cannot rely on evidence of the tort itself, with little more, to support a jury's finding of malice. *See id.*

## C. Analysis

The evidence Andrado supplied to support her request for exemplary damages includes only (1) the escrow agreement; (2) the judgments declaring the lien void; and (3) her testimony stating that she made a claim for the deposit but has not received it. Even if this evidence shows a breach of fiduciary duty, it does not conclusively establish an "intentional" breach. She did not adduce conclusive evidence that Priority One intended to gain an unwarranted benefit for itself or engaged in any self-dealing with her deposit. *Compare Hawthorne v. Guenther*, 917 S.W.2d 924, 936–37 (Tex. App.—Beaumont 1996, writ denied) (sufficient evidence of intentional breach of fiduciary duty based on evidence that a partner spent partnership proceeds for herself and took loans from the partnership instead of distributing proceeds to another partner), *with In re Estate of Preston*, 346 S.W.3d 137, 170–71 & n.32 (Tex. App.—Fort Worth 2011, no pet.) (insufficient evidence of intentional breach of fiduciary duty when administrator of estate put their name on title to real property belonging solely to the heir because there was no evidence the administrator did so "with the intent to gain some additional benefit"). Andrado's evidence does not show that Priority One intended to permanently appropriate the deposit for itself, rather than declined Andrado's

request for return of the deposit for some other reason. Indeed, there is no evidence of Priority One's intentions or the reason it did not return the deposit.

Similarly, Andrado's evidence does not establish conclusively that Priority One acted with malice. Andrado has not shown conclusively that Priority One specifically intended for her to suffer a substantial injury that was independent and qualitatively different from the compensable harm associated with her claims for breach of fiduciary duty and money had and received, i.e., failing to return the deposit. *Compare Horizon Health*, 520 S.W.3d at 868–69 (sufficient evidence of malice regarding theft of trade secrets when employee said he intended to hurt his company early and often and "gut punch" the company while executing a scheme to form a business that would directly compete with it), *with Safeshred*, 365 S.W.3d at 665–66 (insufficient evidence of malice or gross negligence for *Sabine Pilot* wrongful termination claim when there was no evidence that the employer ignored an extreme risk of some additional harm, such as interfering with future employment, harassment, or terminating the employee while knowing it was unlawful to do so).

Priority One's fourth issue is sustained.

## VI. REMEDY AND REMAINING ISSUES

This court cannot reverse and remand for a new trial solely on unliquidated damages if liability is contested. *See* Tex. R. App. P. 44.1(b). This rule applies when we reverse a trial court's award of damages on summary judgment. *See Clear Lake Ctr., L.P. v. Garden Ridge, L.P.*, 416 S.W.3d 527, 545 (Tex. App.— Houston [14th Dist.] 2013, no pet.). And, the Supreme Court of Texas has held that the same jury that assesses punitive damages should base its decision on the evidence from the liability phase, as well. *See Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 95 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Transp.*

19

*Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994)). "It would be impossible to give effect to this language and remand only for a new trial regarding punitive damages." *Id.* (quoting *Nowzaradan v. Ryans*, 347 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 2011, no pet.)); *see Williams v. LifeCare Hosps. of N. Tex., L.P.*, 207 S.W.3d 828, 834 (Tex. App.—Fort Worth 2006, no pet.) ("We conclude that the issues of malice and exemplary damages, as now required to be determined, are not 'separable' from those of the remainder of the case [and] appellate rule 44.1(b) would require that we also remand for a new trial on negligence and compensatory damages . . . ."); *see also Prati v. New Prime, Inc.*, 949 S.W.2d 552, 557–58 (Tex. App.—Amarillo 1997, pet. denied).

Priority One filed a general denial, so liability was contested for purposes of Rule 44.1. *See Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001). We must apply Rule 44.1 even if the appellant does not present a discrete challenge to liability on appeal. *Id.* Accordingly, we reverse the summary judgment on the claims for which Andrado sought exemplary damages: breach of fiduciary duty and money had and received. We decline to address Priority One's third and fifth issues challenging the summary judgment on those claims because the issues are unnecessary to the disposition of the appeal. *See* Tex. R. App. P. 47.1.

## VII. CONCLUSION

Having overruled Priority One's first, second, and sixth issues, we affirm the trial court's summary judgment in favor of Andrado on her claim for breach of contract and recovery of attorney's fees. Having sustained Priority One's fourth issue, we reverse the trial court's summary judgment in favor of Andrado on her claims for breach of fiduciary duty and money had and received and the award of exemplary damages. We remand for further proceedings.

/s/    Ken Wise
Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.